Marie C. ROMULUS and Pierrot Romulus, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

Docket No. 97–6117.

United States Court of Appeals, Second Circuit.

Submitted Oct. 6, 1998.

Decided Nov. 13, 1998.

Michael S. Felman, Brooklyn, NY (on the brief), for Plaintiffs–Appellants.

Claire S. Kedeshian, Assistant United States Attorney, Brooklyn, NY (Zachary W. Carter, United States Attorney for the Eastern District of New York, Varuni Nelson, Assistant United States Attorney, Brooklyn, NY, of counsel), for Defendant–Appellee.

BEFORE: CARDAMONE, PARKER and SACK, Circuit Judges.

PER CURIAM:

Marie C. Romulus and Pierrot Romulus appeal from a judgment of the United States District Court for the Eastern District of New York (David G. Trager, *Judge* ) entered March 28, 1997, dismissing their claims against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671–2680, for lack of subject matter jurisdiction. *Romulus v. United States,* 983 F.Supp. 336 (E.D.N.Y.1997).

In August 1994, Marie and Pierrot Romulus each filed a Standard Form ("SF") 95 claim form alleging personal injury and property damages, respectively, stemming from an accident during which the car driven by Ms. Romulus was struck from behind by a United States Postal Service ("USPS") truck. The USPS twice requested further information from the claimants, including medical

reports and bills, and wage loss statements. When the claimants failed to respond to either request, the USPS denied the claims. The claimants then timely filed a complaint in federal district court seeking damages under the FTCA. The United States subsequently moved the court to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

The court held oral argument on November 4, 1996 and granted the defendant's motion by opinion and order dated March 28, 1997. The court agreed with the plaintiffs that they were not required to submit additional documentation to the USPS in accordance with 39 C.F.R. § 912.7, promulgated pursuant to 28 U.S.C. § 2672 which authorizes agencies to settle tort claims against the United States. *Romulus*, 983 F.Supp. at 340.

However, the court found that the plaintiffs had failed to provide sufficient information to meet the presentment requirement of 28 U.S.C. § 2675(a). In that respect, the court held that adequate presentment of a claim requires a claimant to submit: (1) a written notice of claim which provides enough information to enable an agency to investigate and ascertain the strength of a claim, and (2) a sum certain damages claim. *Id.* Although each of the plaintiffs had filed a SF 95 claim form with the USPS, the court found that neither of the forms included sufficient information to allow the USPS to satisfactorily investigate the claims. *Id.* at 342. The court ruled, therefore, that since the plaintiffs had failed to exhaust their administrative remedies as mandated by the FTCA, the district court lacked subject matter jurisdiction to entertain their tort claims against the United States. *Id.* at 342–43.

▮ This Court reviews district court dismissals pursuant to Fed.R.Civ.P. 12(b)(1) *de novo. Ikelionwu v. United States*, 150 F.3d 233, 236 (2d Cir.1998).

Upon appeal, the plaintiffs forward arguments which are substantially the same as those made below. First, they contend that they each met the presentment requirement of the FTCA simply by filing a SF 95. Even if the filing of a Notice of Claim form is not enough, in and of itself, they assert, they each provided enough information on the SF 95 to permit the USPS to conduct an investigation. Therefore, once the Postal Service denied their claims they had exhausted their administrative remedies and no jurisdictional bar prevented them from bringing an action in federal court pursuant to the FTCA.

Because this appeal involves law which is unsettled in this Circuit, we have decided to address these issues by *per curiam* opinion. We affirm the judgment for substantially the same reasons stated by the district court's thorough, well-reasoned opinion, except that we do not consider the issue of whether the regulations promulgated under 28 U.S.C. § 2672, related to settlement, apply to the presentment requirement of 28 U.S.C. § 2675(a). That issue is not properly before us on appeal, the district court having held for the plaintiffs on that question.

▮ In this Circuit, a Notice of Claim filed pursuant to the FTCA must provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth. *Keene Corp. v. United States*, 700 F.2d 836, 842 (1983). A claim must be specific enough to serve the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims. *Johnson v. United States*, 788 F.2d 845, 848–49 (2d Cir.1986). We agree with the court below that the mere act of filing a SF 95 does not necessarily fulfill the presentment requirement of § 2675(a). A claimant must provide more than conclusory statements which afford the agency involved no reasonable opportunity to investigate. In the instant case, the plaintiffs failed to provide adequate information to permit the USPS to investigate their claims.

The judgment of the district court is AFFIRMED.