Aleksandr **FURMAN**, Plaintiff,

v.

UNITED STATES POSTAL SERVICE, Clarence Robinson, City of Long Beach and Ronald Paganini, Defendants.

No. 03–CV–3652 ADS ARL.

United States District Court, E.D. New York.

Dec. 20, 2004.

Vitacco & Vitacco, Elmhurst, NY (Guy R. Vitacco, of Counsel), for the Plaintiff.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, by Laura D. Mantell, Assistant United States Attorney, Brooklyn, NY, for the Defendants United States Postal Service and Clarence Robinson.

No Appearance, for The City of Long Beach, Ronald L. Paganini.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The claims of the Plaintiff Aleksandr Furman's ("Furman" or the "Plaintiff") against the United States Postal Service ("USPS"), Clarence Robinson ("Robinson"), the City of Long Beach ("Long Beach"), and Ronald L. Paganini ("Paganini") arise out of a collision that allegedly occurred on July 22, 2002 involving a motor vehicle owned by Long Beach and a USPS motor vehicle operated by Robinson.

Presently before the Court is a motion by the USPS and Robinson pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim.

## I.  BACKGROUND

According to the Complaint, on July 22, 2002, Robinson, an employee of the USPS, while operating a USPS vehicle, collided with a Long Beach transit bus that was operated by Ronald L. Paganini. Furman was a passenger in the bus and alleges that as a result of this accident he suffered serious injuries as defined by New York Insurance Law § 5102(d) and economic losses.

The Plaintiff, through his attorney Guy R. Vitacco, Esq., filed an administrative claim with the USPS by submitting a Standard Form 95 dated September 12, 2002 (the "SF–95"). In the SF–95, the Plaintiff claimed that he sustained "serious, severe and permanent injuries" as a result of the July 22, 2002 accident and requested damages in the amount of $350,000.

By letter dated September 23, 2002, Robert Ural, an Accident/Claims Investigator for the USPS, acknowledged receipt of the Plaintiff's claim and advised Vitacco that he must substantiate his claim in accordance with Paragraph (a) of the "Instructions" section on the Standard Form 95 ("Paragraph (a)"). Paragraph (a) states:

> In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

The September 23, 2002 letter also indicated that "incomplete or incorrectly submitted forms, bills, etc. will cause delay in adjudication of the claim. You are therefore advised to exercise extreme care in completion of said forms." The Plaintiff did not respond or provide any documentation in response to this letter.

By letters dated May 15, 2003 and June 27, 2003, the USPS further advised Vitacco of the need to provide medical reports, itemized medical bills, and wage loss statements. The June 27, 2003 letter also advised the Plaintiff that Paragraph (a) must be complied with before the claim can be considered for adjudication. This letter further warned that if the Plaintiff does not submit the requested materials within 21 days from the date of the letter, the

USPS will be unable to properly evaluate the claim and will have no recourse but to issue a denial. By letter dated July 18, 2003, the USPS denied the Plaintiff's claim because it did not receive the requested information.

On July 28, 2003, the Plaintiff commenced the instant action. Thereafter, ten months later, on May 24, 2004, Vitacco mailed to the USPS, by certified mail, return receipt requested, copies of the Plaintiff's medical records and medical bills regarding .the incident in question. The mailing records indicate that these documents were received by the USPS on June 4, 2004.

## II.  DISCUSSION

### 1.  Standard of Review for a Motion to Dismiss

#### a.  Rule 12(b)(1)

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions. *See Robinson v. Gov't of Malaysia,* 269 F.3d 133, 141 n. 6 (2d Cir.2001). Under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint but will not draw inferences favorable to the party asserting jurisdiction. *See Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir.1998). Hearsay statements contained in the affidavits may not be considered. *See Kamen v. AT & T,* 791 F.2d 1006, 1011 (2d Cir.1986).

The party asserting jurisdiction has the burden of pleading and proving compliance with the procedural requirements of the FTCA. *In re Agent Orange Product Liability Litigation,* 818 F.2d 210, 214 (2d Cir.1987). Absent sufficient proof by the asserting party, the court lacks jurisdiction over the matter. *Id.*

#### b.  Rule 12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), a district court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Desiderio v. National Ass'n of Sec. Dealers, Inc.,* 191 F.3d 198, 202 (2d Cir.1999). The Court should dismiss the complaint pursuant to Rule 12(b)(6) only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief. *King v. Simpson,* 189 F.3d 284, 287 (2d Cir.1999); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996).

### 2.  The Federal Tort Claims Act

#### a.  The United States is the Proper Party Defendant

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.,* expressly provides that "the remedy against the United States ... for tortious acts committed by employees acting within the scope of employment is exclusive of any other civil action or proceeding against the employee." 28 U.S.C. § 2679(b)(1); *McHugh v. University of Vermont,* 966 F.2d 67, 70 (2d Cir.1992) ("[T]he remedy against the United States ... for tortious acts committed by employees acting within the scope of employment is exclusive of any other civil action or proceeding against the employee."). Accordingly, pursuant to 28 U.S.C. § 2679(d)(1):

Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district

court shall be deemed an action against the United States under the provisions of this title ... and the United States shall be substituted as the party defendant.

■ Here, Assistant United States Attorney Laura D. Mantell certified that Robinson "was acting within the course and scope of his employment as an employee of the United States of America in connection with all of the allegations in this matter." Laura D. Mantell Certification attached to Stuart James Decl. Thus, the United States is the proper defendant and is substituted as the defendant in the place of the USPS and Robinson. *See Rodriguez v. United States, et al.*, No. 02 Civ. 6947, 2003 WL 21961121, **2–3, 2003 U.S. Dist. LEXIS 14241, at *4–5 (S.D.N.Y. Aug. 14, 2003).

### b. The Plaintiff Failed to Exhaust Administrative Remedies

28 U.S.C. § 2675(a) provides, in relevant part:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail ...

■ Compliance with Section 2675 "is strictly construed." *Romulus v. United States*, 983 F.Supp. 336, 338 (E.D.N.Y. 1997), *aff'd*, 160 F.3d 131 (2d Cir.1998). Without this administrative exhaustion, courts lack subject matter jurisdiction over the claim. *See McNeil v. United States*, 508 U.S. 106, 112, 113 S.Ct. 1980, 1983, 124

L.Ed.2d 21, 28 (1993) (Holding that an FTCA action may not be maintained where claimant failed to exhaust his administrative remedies prior to filing suit, even though claimant sought to exhaust his administrative remedies after filing.); *see also Johnson v. The Smithsonian Institution*, 189 F.3d 180, 190 (2d Cir.1999); *Romulus*, 160 F.3d at 132 (2d Cir.1998).

■ The purpose of the exhaustion requirement is to allow the government to "investigate, evaluate and consider settlement of a claim," in order to " 'ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States.' " *State Farm Ins. Co., v. United States*, No. 02 Civ. 3888, 2004 WL 1638175, *2, 2004 U.S. Dist. LEXIS 14427, at *5 (E.D.N.Y. July 23, 2004) (quoting S.Rep. No. 89–1327, at 2516 (1966)); *see also Robinson v. United States Navy*, 342 F.Supp. 381, 383 (E.D.Pa.1972) ("The purpose of 28 U.S.C. § 2675(a) is to spare the Court the burden of trying cases when the administrative agency can settled the case without litigation."). Furthermore, the agency whose employee allegedly caused the damage at issue in the claim will most likely be in the best position make determinations as to liability and to settle meritorious claims quickly and efficiently, thereby avoiding expensive and time-consuming litigation when possible. *McNeil*, 508 U.S. at 112, 113 S.Ct. 1980.

Under the FTCA, a claim must be presented to an agency within two years of the date on which the action accrued. 28 U.S.C. § 2401(b). In *Romulus*, the Second Circuit explained how a claim is properly "presented" an agency:

In this Circuit, a Notice of Claim filed pursuant to the FTCA must provide enough information to permit the agency

to conduct an investigation and to estimate the claim's worth. A claim must be specific enough to serve the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims ... [T]he mere act of filing a SF 95 does not necessarily fulfill the presentment requirement of § 2675(a). A claimant must provide more than conclusory statements which afford the agency involved no reasonable opportunity to investigate. In the instant case, the plaintiffs failed to provide adequate information to permit the USPS to investigate their claims.

*Romulus,* 160 F.3d at 132 (internal citations omitted); *see also* 28 C.F.R. § 14.2(a). Thus, "[a] formal claim is not filed for purposes of [the FTCA] until a Federal agency receives from a claimant written notification of an incident 'accompanied by a claim for money damages in a sum certain for injury to or loss of property' ... and is accompanied by evidence of his authority to present [the] claim." *Johnson,* 189 F.3d at 190 (citing 28 C.F.R. 14.2(a)). This information is used to "permit an investigation and estimate the claim's worth." *Keene Corp. v. United States,* 700 F.2d 836 (2d Cir.1983).

■ Here, the Plaintiff's SF–95 contains a brief description of the incident and the alleged injuries in question. In the Court's view, the information provided on this form was not "specific enough to serve the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims." *Romulus,* 160 F.3d at 132 (citations omitted) (finding that the Standard Form 95 that was filed with the USPS did not include sufficient information to allow the agency to satisfactorily investigate the claims.").

In addition, despite the language contained in Paragraph (a) of the "Instructions" section on the Form 95 advising the claimant to submit, among other things, a written report from his attending physician; numerous letters from the USPS advising Vitacco that more information is necessary to substantiate the claim; and the cautionary language contained in Paragraph (d) that "failure ... to supply the requested material within two years from the date the allegations accrued may render your claim 'invalid,'" the Plaintiff did not timely submit supporting documentation. As such, his claim was denied on July 18, 2003 because of the Plaintiff's "failure to submit competent evidence of injury as is required." Letter from USPS to Vitacco dated July 18, 2003.

Even though the Plaintiff commenced this action within six months after his claim was denied by the USPS, a denial for improper presentment, such as in this case, is "not to be construed as a 'final denial' within the meaning of the [FTCA]." *Romulus,* 983 F.Supp. at 343. If claimants were allowed to proceed in federal court without properly presenting their claim to the relevant agency, it would "in essence give a claimant who improperly presented her claim a 'pass' into Federal court." *Id.*

■ The Plaintiff requests that the Court deem the medical records that were received by the USPS on June 4, 2004 "to have been filed nunc pro tunc" because they were filed with the agency within the two year statute of limitations. Vitacco Decl. ¶ 8. The Court denies this request because the medical records were received after the claim had already been denied by the USPS and after this lawsuit was filed. Thus, because the Plaintiff's administrative claim was improperly presented to the USPS, the USPS never had the opportunity to investigate and attempt to resolve the Plaintiff's claims prior to his commencement of this action which are prerequisites

to filing a claim under the FTCA. *See* 28 U.S.C. § 2675(a)

Finally, with regard to the Plaintiff's statement that the Government would not be prejudiced by the denial of its motion, the Court notes that

> Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which much assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims."

*O'Connor,* 2000 WL 375238, at *3 (quoting *McNeil,* 508 U.S. at 112, 113 S.Ct. 1980).

For the reasons stated above, the Court has no subject matter jurisdiction over this matter. Accordingly, the motion to dismiss by the USPS and Robinson is granted. *See Id.* (dismissing case for lack of subject matter jurisdiction because USPS was not able to investigate claim due to the Plaintiff's failure to provide agency with substantiating documentation despite two requests.); *see also O'Connor v. United States,* No. 99 Civ. 0117, 2000 WL 375238, at *2 (S.D.N.Y. April 12, 2000) (Dismissing complaint pursuant to Rule 12(b)(1) for failure to comply with the presentment requirement of Section 2675(a) where plaintiff failed to respond to three requests by the agency for additional information).

### III.   CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** the United States is substituted for the Defendants the USPS and Robinson and the United States is thus the sole defendant; and it is further

**ORDERED,** that the motion of the United States to dismiss the complaint for lack of subject matter jurisdiction is **GRANTED;** and it is further

**ORDERED,** that the Clerk of the Court is directed to amend the caption as follows:

ALEKSANDR FURMAN,

    Plaintiff,

    -against-

CITY OF LONG BEACH AND RONALD PAGANINI,

    Defendants.

**SO ORDERED.**