John P. BARNES, Plaintiff–Appellant,

v.

UNITED STATES of America, Secretary of the Department of Veterans Affairs, Brooklyn Veterans Affairs Medical Center, and Togo D. West, Jr., Defendants–Appellees.

United States Court of Appeals, Second Circuit.

Nov. 8, 2006.

Lee Gordon Dunst, Gibson, Dunn & Crutcher LLP (Olga L. Fuentes, Matthew S. Kahn, and Timothy D. Swain, Gibson, Dunn & Crutcher, LLP, on the brief), New York, NY, for Appellant.

Kenneth A. Stahl, Assistant United States Attorney, (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Varuni Nelson, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, JR., Circuit Judge, Hon. SANDRA DAY O'CONNOR, Associate Justice, Retired.

*SUMMARY ORDER*

Plaintiff–Appellant John P. Barnes appeals from the April 12, 2004 judgment of the United States District Court for the Eastern District of New York (Feuerstein, J.) granting the Appellee–Defendants' motion to dismiss the amended complaint, which asserts, *inter alia*, medical malpractice claims under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 1346(b).

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. In a nutshell, Barnes contracted cancer in 1991, and underwent chemotherapy and

surgery at Veterans Affairs hospitals. Several years later, he visited the Brooklyn Veterans Affairs Medical Center ("BVAMC") on two occasions while suffering from various painful physical ailments, mental distress, and addictions to alcohol and narcotic pain medication. He is currently incarcerated for an offense he committed soon after he left the BVAMC on the second visit.

(1) Barnes's amended complaint alleges that he drove 46 his van drunk and had an accident because the BVAMC staff denied him admission to the "Mentally Ill Chemically Addicted" program and then negligently discharged him. We review de *novo* the district court's dismissal for lack of jurisdiction. *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir.1998) (per curiam).

Under 28 U.S.C. § 2675(a), suit cannot be brought under the FTCA unless the claimant first presented the claim to the relevant agency and obtained a final denial. A claim is not deemed "presented" unless the claimant gives the agency "sufficient information both to permit an investigation and to estimate the claim's worth." *Keene Corp. v. United States*, 700 F.2d 836, 842 (2d Cir.1983). The information must be "specific enough to serve the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims." *Romulus*, 160 F.3d at 132.

Barnes's initial administrative claim provided a great deal of detail about harms Barnes had suffered on other occasions, but little information concerning his March 1997 visit to BVAMC. Although the claim arguably did not provide sufficient information for the government to conduct an investigation, we need not decide that question, since the claim made no mention of Barnes's van accident and so certainly did not provide information sufficient for the government to estimate the claim's worth.

■ Barnes argues alternatively that the Department of Veterans Affairs had enough information to evaluate his claim's worth once the agency received a letter that he sent soon after his first claim was denied. But a claim under the FTCA is barred unless it is presented to the relevant agency within two years of accrual. 28 U.S.C. § 2401(b). Barnes's letter was untimely, and Barnes advances no facts that would justify tolling.

A district court lacks jurisdiction under the FTCA unless the claim was both timely, *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir.1999), and properly presented to the relevant agency, *Keene*, 700 F.2d at 841. Because Barnes did not properly present his claim within two years of its accrual, the district court correctly ruled that it had no jurisdiction over the claim.

(2) Barnes's amended complaint alleges that BVAMC negligently prescribed narcotic drugs, to which he became addicted. Barnes argues that, because he was a *pro se* litigant in the district court, this claim should not have been dismissed without leave to replead.

■ The denial of leave to replead is reviewed for abuse of discretion. *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir.1999). "[A] pro se complaint is to be read liberally," and should not be dismissed without granting leave to replead at least once when such a reading "gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir.1999) (per curiam) (internal quotation marks omitted). However, leave to replead should be denied as futile where a *pro se* plaintiff speaking through appointed counsel on appeal suggests no new material he wishes to add to remedy substantive defects. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Barnes in fact did amend his complaint once after the motion to dismiss was filed. Moreover, the amended complaint has a substantive defect: it fails to allege facts sufficient to establish that narcotic drugs proximately caused any harm properly presented in Barnes's administrative claim. Barnes has not clarified how artful re-pleading could remedy this defect.

We decline to revisit allegations about other actions taken by the BVAMC staff. This Court's August 16, 2005 order dismissed Barnes's appeal as to all issues but those discussed above.

We have considered all of Barnes's remaining arguments and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**