13-3366-cv
Lee v. United States

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## CORRECTED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand fourteen.

PRESENT:  REENA RAGGI,
          GERARD E. LYNCH,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*
----------------------------------------------------------------------
YUNKEUNG LEE,
                    *Plaintiff-Appellant*,

          v.                                        No. 13-3366-cv

UNITED STATES OF AMERICA, DEPARTMENT OF
THE ARMY, CHARLES TYKEE GRAY,
                    *Defendants-Appellees.*
----------------------------------------------------------------------
APPEARING FOR APPELLANT:     GERARD ANTHONY LUCCIOLA, Rosato & Lucciola, P.C., New York, New York.

APPEARING FOR APPELLEES:     KENNETH ABELL (Varuni Nelson, *on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Roslynn R. Mauskopf, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 9, 2013, is AFFIRMED.

Plaintiff Yunkeung Lee, who sued for relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., appeals from the dismissal of his claim for lack of jurisdiction based on his failure adequately to present his claim in the first instance to the Department of the Army ("Army"). In reviewing the district court's factual findings for clear error and its legal conclusions de novo, see Shabaj v. Holder, 718 F.3d 48, 50 (2d Cir. 2013), we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Prior to filing an FTCA action, a plaintiff must exhaust administrative remedies, which include presenting the claim to the appropriate federal agency. See 28 U.S.C. § 2675(a). Because this presentment requirement serves to ease court congestion and to permit expeditious settlement without "costly and time-consuming litigation," McNeil v. United States, 508 U.S. 106, 111–12 (1993), the claimant must provide the agency with enough information to permit it "to conduct an investigation and to estimate the claim's worth," Romulus v. United States, 160 F.3d 131, 132 (2d Cir. 1998). Although the presentment "need not meet formal pleading" standards, the requirement is jurisdictional and must be "adhered to strictly." Johnson ex rel. Johnson v. United States, 788 F.2d 845,

2

848–49 (2d Cir. 1986), <u>overruled on other grounds by</u> <u>Sheridan v. United States</u>, 487 U.S. 392 (1988); <u>see also</u> <u>Celestine v. Mount Vernon Neighborhood Health Ctr.</u>, 403 F.3d 76, 82 (2d Cir. 2005) (stating that § 2675(a)'s exhaustion requirement is "jurisdictional and cannot be waived").

Lee filed suit under the FTCA to recover for personal injuries, medical expenses, lost wages, and pain and suffering incurred during an automobile accident with defendant Gray. In support of these claimed damages, however, Lee presented to the Army only a statement in his Standard Form 95 ("SF 95") that he suffered "personal injuries, the full extent of which is not presently known, including but not limited to injuries to the neck, back, right shoulder, which have caused claimant to incur and continue to incur expenses for medical care, attention and treatment, and as a further result he was, and will continue to be, rendered unable to perform his normal activities and duties and has sustained a resultant loss therefrom." J.A. 12. By failing to respond to the Army's multiple requests for supporting documentation—including medical records, a police report, and itemized medical expenses—Lee provided the agency with only "conclusory statements" from which it could not "estimate the claim's worth," and thus he failed to satisfy § 2675(a)'s exhaustion requirement. <u>Romulus v. United States</u>, 160 F.3d at 131–32 (holding that filing SF 95 without providing requested medical reports, bills, and wage loss statements did not allow agency to investigate claims sufficiently and thus did not satisfy § 2675(a)).

In urging otherwise, Lee asserts that (1) he did provide the Army with the requested documentation; (2) the information provided in the SF 95 satisfied § 2675(a) as it permitted the Army to conduct an investigation; (3) at worst, he failed only to comply with the non-jurisdictional settlement procedures set forth in the regulations promulgated pursuant to 28 U.S.C. § 2672; and (4) the Army's failure to issue a written denial of his claim permitted Lee to file suit.   We are not persuaded.

First, Lee has not shown that the district court committed clear error in finding that Lee "failed to provide the necessary medical documentation even after the Army specifically requested it." Lee v. U.S. Dep't of Army, No. 11-CV-331 (RRM) (CLP), 2013 WL 4048329, at *5 (E.D.N.Y. Aug. 9, 2013).   Lee presents no evidence from anyone who claims to have sent the documents to the Army; rather, he points to (1) an unsigned cover letter to the Army that purported to include the requested documentation; and (2) affidavits from employees of the law firm that first represented Lee, who admit that they have no recollection of Lee's file.   Further, Lee concedes that the Army contacted his present counsel in July 2010 seeking the requested documentation—putting him on notice that the agency had not received the materials—but that instead of providing the Army with the information, his attorney only referred the agency to Lee's prior representative. On such a record, the district court did not clearly err in concluding that Lee never provided the Army with the requested documents.   See J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004) (stating that in reviewing dismissal for lack of subject matter

4

jurisdiction, "we are not to draw inferences from the complaint favorable to plaintiffs" and "may not rely on conclusory or hearsay statements contained in . . . affidavits").

Second, although the SF 95 described the alleged accident, this was insufficient to permit the Army to "estimate the . . . worth" of Lee's claim for $5 million in damages. Romulus v. United States, 160 F.3d at 132. The Army's investigation was thus limited to the circumstances of the accident and the medical bills paid by Lee's no-fault insurance carrier. Without the requested further materials, the Army could not meaningfully determine the severity of Lee's alleged injuries, the degree of pain and suffering sustained, and the causal connection to the accident, all of which precluded a settlement offer. See id. (stating that failure to permit agency reasonable opportunity "to investigate and ascertain the strength of a claim" did not satisfy presentment requirement).

Third, even if adherence to § 2672 settlement procedures were not a jurisdictional prerequisite to an FTCA action, cf. id. (declining to decide issue), Lee did not fail only to engage in settlement discussions; he did not adequately satisfy § 2675's presentment requirement, which is "a prerequisite to jurisdiction of the courts," Johnson ex rel. Johnson v. United States, 788 F.2d at 848. Because this divested the district court of jurisdiction, the Army's failure to provide a written denial of Lee's claim could not independently authorize his suit.

Accordingly, we reject Lee's challenge to the district court's dismissal of his suit for lack of subject matter jurisdiction.

We have considered Lee's remaining arguments and conclude that they are without

merit.   We therefore AFFIRM the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, Clerk of Court