Mayes v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> PETER W. HALL,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

Anthony Mayes, Jr.,

> *Plaintiff-Appellant*,

> v.                                                                          18-3051

United States of America,

> *Defendant-Appellee,*

Federal Bureau of Prisons, Metropolitan Correctional Center,

> *Defendants*.

_____

FOR PLAINTIFF-APPELLANT:                    Anthony Mayes, Jr., pro se, United States Penitentiary, Terre Haute, IN.

FOR DEFENDANT-APPELLEE: Jennifer Jude, Christopher Connolly, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Anthony Mayes, Jr., proceeding pro se, appeals the district court's judgment granting summary judgment to the government in this Federal Torts Claims Act ("FTCA") action, stemming from a prison dentist's attempt to extract his tooth. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court's March 2019 order granting Mayes in forma pauperis status directed the parties to brief "whether Appellant was notified of the nature and consequences of summary judgment. *See Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620-21 (2d Cir. 1999)." Despite that, neither party briefed the issue. We conclude that Mayes's failure to raise the issue waives it. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (pro se litigant abandons issue by failing to address it in his appellate brief).

The government asserts that we only have jurisdiction to review the district court's denial of Mayes's motion for reconsideration, and not the judgment, because Mayes did not file his motion to reconsider within 28 days of the judgment. However, we have held that the 28-day deadline "should be deemed a claim-processing rule that allows for equitable exceptions."

2

*Weitzner v. Cynosure, Inc.*, 802 F.3d 307, 311-12 (2d Cir. 2015). The district court improperly extended Mayes's time to file a motion for reconsideration on multiple occasions, and Mayes filed his motion within the extensions of time granted to him by the district court. *See* Fed. R. Civ. P. 6(b)(2). The government did not object to the extensions below and has therefore waived its timeliness challenge. *See Legg v. Ulster Cty.*, 820 F.3d 67, 79 (2d Cir. 2016); *Amaker v. Annucci*, 721 F. App'x 82, 83 (2d Cir. 2018) (summary order). In any event, the government has not adequately briefed its timeliness challenge. *See Tolbert v. Queens Coll.,* 242 F.3d 58, 75 (2d Cir. 2001) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks and citation omitted)). We therefore have jurisdiction to review the judgment as well as the denial of reconsideration.

We review de novo a grant of summary judgment, "resolving all ambiguities and drawing all reasonable factual inferences in favor of the [non-movant]." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017) (internal quotation marks and alterations omitted). FTCA malpractice claims are governed by state law. *Malmberg v. United States*, 816 F.3d 185, 193 (2d Cir. 2016). In New York, a plaintiff asserting medical malpractice "must demonstrate that the doctor deviated from acceptable medical practice, and that such deviation was a proximate cause of the plaintiff's injury." *James v. Wormuth*, 21 N.Y.3d 540, 545 (2013).

Mayes failed to demonstrate a genuine issue of material fact as to whether the prison dentist caused him any injury. Mayes's own expert did not conclude that any departure from the standard

3

of care on the part of the dentist caused his asserted injuries. Mayes presented no other evidence regarding causation, and his claims appropriately did not survive summary judgment. *See Foster-Sturrup v. Long*, 95 A.D.3d 726, 729 (1st Dep't 2012) (reversing denial of summary judgment, in part because "plaintiffs failed to raise an issue of fact as to causation"); *Callistro ex rel. Rivera v. Bebbington*, 94 A.D.3d 408, 410-11 (1st Dep't 2012) (affirming grant of summary judgment to doctor because plaintiff's experts did not establish causation).

Mayes also argues that the district court should have granted leave to amend his complaint to include a claim that he did not give informed consent to the procedure. The district court concluded that the plaintiff alleged facts that resembled an informed consent claim, but dismissed the claim for failure to satisfy the FTCA's exhaustion requirement. We find no error in that ruling. Prior to bringing suit under the FTCA, a plaintiff must exhaust administrative remedies by filing a claim for monetary damages with the appropriate federal entity within two years of accrual of the injury. 28 U.S.C. § 2401(b); *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013). The district court lacks jurisdiction over FTCA claims if the plaintiff failed to exhaust. *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

Mayes's initial administrative claim asserted only medical malpractice and did not include an informed consent claim. That did not satisfy the FTCA's exhaustion requirement, because "[i]n this Circuit, a Notice of Claim filed pursuant to the FTCA must provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth." *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998) (per curiam). Mayes's 2017 administrative

claims likewise did not confer jurisdiction because they were filed after Mayes had filed his lawsuit. *See* 28 U.S.C. § 2675(a) (providing that a FTCA action "shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency"); *McNeil v. United States*, 508 U.S. 106, 112 (1993).

We have considered all of Appellant's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court