21-1088-cv
*Manchanda, et al. v. Lewis, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand twenty-one.

PRESENT:
> ROBERT D. SACK,
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> > *Circuit Judges*.

---

Sylwia Ewelina Madej Manchanda, Rahul Manchanda,

> *Plaintiffs-Appellants*,

v.                                                                      21-1088-cv

Andrea Lewis, Immigration Services Officer, Susan Quintana, New York USCIS Field Office Director, United States Citizenship Immigration Services ("USCIS"), a federal administrative agency within the Department of Homeland Security ("DHS"), Does 1-5,

> *Defendants-Appellees*.[*]

---

FOR PLAINTIFFS-APPELLANTS:          JOHN P. FAZZIO, Fazzio Law Offices, New York,

---
[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

NY.

FOR DEFENDANTS-APPELLEES:    ILAN STEIN, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order and judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the district court are **AFFIRMED**.

Plaintiffs-Appellants Sylwia Ewelina Madej Manchanda and Rahul Manchanda (collectively, "Plaintiffs") appeal from the March 30, 2021 order and judgment of the United States District Court for the Southern District of New York, adopting Magistrate Judge Robert W. Lehrburger's February 23, 2021 Report and Recommendation ("R&R") and dismissing their amended complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Mrs. Manchanda seeks to become a lawful permanent resident of the United States based on her marriage to Mr. Manchanda, who is a United States citizen.  Mr. Manchanda petitioned the United States Citizenship and Immigration Services ("USCIS") to adjust his wife's immigration status and Plaintiffs subsequently attended an interview conducted by USCIS Officer Andrea Lewis to assess the bona fides of the marriage.  Following that interview, Plaintiffs brought this lawsuit, alleging that Officer Lewis insulted, mocked, and humiliated Plaintiffs and their baby during the interview and, after Plaintiffs filed a complaint, retaliated against Plaintiffs by issuing

2

a Stokes Interview notice.[1]  Plaintiffs also allege retaliation by USCIS Field Office Director Susan Quintana, who they allege has begun to deny immigration cases filed by Mr. Manchanda on behalf of his private clients.  Specifically, and as relevant to this appeal, Plaintiffs asserted violations of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 (the "FTCA") for "abuse of process . . . intended to harm the Plaintiffs without economic or social excuse or justification," App'x at 26, and the Administrative Procedures Act ("APA"), 5 U.S.C § 701 *et seq.*, for Officer Lewis's issuance of a Stokes Interview notice.[2]  Plaintiffs argue, *inter alia*, that the district court incorrectly concluded that: (1) it did not have subject matter jurisdiction to hear Plaintiffs' FTCA claim because Plaintiffs failed to properly exhaust their administrative remedies; and (2) Plaintiffs failed to adequately allege any final agency action, as required for judicial review of their APA claim.

We assume the parties' familiarity with the underlying facts and the procedural history of the case, which we reference only as necessary to explain our decision to affirm.

## I.    Standard of Review

We review *de novo* a district court's grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Id.*  Similarly, we conduct *de novo* review of a district court's grant of a

---

[1]  A "Stokes Interview," named after the consent decree issued in *Stokes v. INS*, No. 74 Civ. 1022 (CLB) (S.D.N.Y. Nov. 10, 1976), is a USCIS procedure "meant to assess the legitimacy of the marriage."  *Morgan v. Gonzales*, 445 F.3d 549, 550 n.1 (2d Cir. 2006).

[2]  Plaintiffs also brought claims alleging violations of: (1) 42 U.S.C. § 1983; (2) the Intelligence Reform and Terrorism Prevention Act, 42 U.S.C. § 2000ee-1(e); and (3) their "constitutional right to substanti[ve] and procedural due process" pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *See* App'x. at 19–26.  The district court dismissed each of these claims, and Plaintiffs do not challenge the dismissal of those claims on appeal.

motion to dismiss pursuant to Rule 12(b)(6), construing the "complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiffs' favor." *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009). However, we "are not bound to accept as true a legal conclusion couched as a factual allegation," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted), allegations that are "no more than conclusions[] are not entitled to the assumption of truth," and "'naked assertion[s]' devoid of 'further factual enhancement,'" that are insufficient to show the plaintiff is entitled to relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citation omitted). Moreover, to survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## II. FTCA Claim

Plaintiffs contend that the district court erred in concluding that it lacked subject matter jurisdiction to hear Plaintiffs' FTCA claim because they failed to properly exhaust the requisite administrative remedies. In particular, Plaintiffs assert that: (1) they exhausted their administrative remedies by filing, on February 13, a complaint by email with various federal agencies (the "February 13 Claim") which, though not made using the Standard Form 95, constituted proper "other written notification" under the applicable regulation, 28 C.F.R. § 14.2(a); (2) the February 13 Claim's request for "redress" was sufficient to meet the FTCA's requirement of damages "in sum certain" (though Plaintiffs also assert that there is no statutory requirement for a sum certain); and (3) there was, in fact, final agency action when Plaintiffs' February 13 Claim was "improperly denied on February 27, 2020 through a backdated and retaliatory February 14, 2020 Stokes Interview notice." Appellants' Br. at 18. As set forth below, we find these

4

arguments unpersuasive and conclude that the district court properly dismissed the FTCA claim without prejudice because Plaintiffs failed to properly exhaust their administrative remedies.

The FTCA states that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Further, "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). The only additional mechanism for an agency action to be deemed finally denied would be "[t]he failure of an agency to make final disposition of a claim within six months after it is filed," at which point such inaction "shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim." 28 U.S.C. § 2675(a). In other words, "[t]he FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). Indeed, "[t]his requirement is jurisdictional and cannot be waived," *id.*, and "[t]he burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements," including exhaustion, *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987). "In the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim." *Id.*

With respect to the FTCA's presentment requirement under Section 2675, Appellees argue that "the FTCA's presentment requirement, 28 U.S.C. § 2675(a), requires a claimant to submit . . . a sum certain damages claim." Appellees' Br. at 16 (internal quotation marks omitted). Appellees' interpretation of the presentment requirement relies on a regulation promulgated by the

5

Department of Justice, which states that "a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a).

This Court recently held, however, that a similar regulation promulgated by the Postmaster General, 39 C.F.R. § 912.5(a), "cannot dictate presentment." *Collins v. United States*, 996 F.3d 102, 110 (2d Cir. 2021). Section 912.5(a) was promulgated under 28 U.S.C. § 2672, which establishes regulations facilitating settlement, and not under 28 U.S.C. § 2675, which prescribes requirements for presentment. *See* 73 Fed. Reg. 75,339 (Dec. 11, 2008). Indeed, pursuant to 28 C.F.R. § 14, the Postmaster General was delegated *only* settlement authority by the Department of Justice. 73 Fed. Reg. 70,276 (Nov. 20, 2008). *Collins* suggests that a regulation promulgated under 28 U.S.C. § 2672 is insufficient to prescribe the prerequisites for presentment. And while our decision in *Romulus v. United States* held that adequate presentment of a claim under 28 U.S.C. § 2675(a) requires a claimant to "provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth," 160 F.3d 131, 132 (2d Cir. 1998), this Court explicitly avoided the issue of whether "regulations promulgated under 28 U.S.C. § 2672, related to settlement, apply to the presentment requirement of 28 U.S.C. § 2675(a)." *Id*.

*Collins*, however, casts no doubt on the "sum certain" requirement. In *Collins*, the appellant, who had been struck by a United States Postal Service truck, had complied with that requirement; he had submitted a Standard Form 95 seeking $10 million in compensation. We rejected the government's argument, relying on the regulation, that Collins had submitted insufficient information about the accident and his injuries to permit the agency to evaluate the

6

merits and value of his claim and formulate a settlement offer. We then proceeded to examine the statutory language of 28 U.S.C. § 2675(a) and concluded, based on the plain meaning of the word "present," that "based simply on the statutory text . . . the presentment requirement [is] one of notice, not proof." 996 F.3d at 110.

Taking the same approach here, we conclude that a claim that does not set forth a specific demand for damages in a sum certain does not adequately "present" a claim. Unlike the purported requirement for detailed "proof" rejected in *Collins*, the "sum certain" requirement is rooted in the statutory text. The FTCA expressly provides that an action against the United States "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency." 28 U.S.C. § 2675(b). If a communication to the agency does not demand *any* claim for a specified sum, an action demanding any damages at all necessarily seeks a "sum in excess of the amount of the claim presented to the federal agency." The *Collins* court, indeed, even as it concluded that the USPS regulation was not authoritative with respect to presentment requirements under the FTCA, acknowledged that the "sum certain" requirement "can be traced to 28 U.S.C. § 2675(b)." 996 F.3d at 110. *Collins* thus cannot be read to overrule our prior approval of a district court's ruling that a properly presented claim must include a "sum certain damages claim." *Romulus*, 160 F.3d at 132. The sum certain requirement is not merely a creature of regulation, but a necessary implication of the text of the FTCA itself.

Here, Plaintiffs filed their February 13 Claim with the U.S. Department of Justice's Civil Rights Division and Office of the Inspector General, in addition to the U.S. Department of Homeland Security's Office for Civil Rights and Civil Liberties and several United States senators, requesting "redress, justice, and a remedy" for alleged "ABUSIVE RACIST DISRESPECTFUL

7

BEHAVIOR AND TREATMENT BY DHS/USCIS EXAMINER/OFFICER ISO LEWIS, AND THE REST OF THE NEW YORK DHS FIELD OFFICE." App'x at 31–33.

The February 13 Claim's general request for "redress" or a "remedy" does not satisfy the presentment requirement for exhaustion purposes because it failed to provide the appropriate federal agency with an "amount." 28 U.S.C. § 2675(b); *see also Romulus*, 160 F.3d at 132 (noting that the FTCA's presentment requirement under Section 2675(a) requires that a claimant submits "a sum certain damages claim"). Indeed, the February 13 Claim's request for "redress" cannot be read, in context, as a demand for money damages at all. The February 13 Claim was directed to a number of agencies and individuals, including the Civil Rights Division of the Department of Justice, the Office for Civil Rights and Civil Liberties at the U.S. Department of Homeland Security, and various senators, none of whom could be the object of either a presentment or an action under the FTCA. Even construed in the light most favorable to Plaintiffs, the February 13 Complaint is most generously characterized as a general complaint and request for someone in the federal government to do something about the allegations made and provide some unspecified justice or satisfaction to the Manchandas.

Plaintiffs nevertheless suggest that we should relax any deficiencies with respect to the "technical requirements" of the statute "in the interests of justice." Appellants' Br. at 10. However, it is well settled that "[s]overeign immunity is a jurisdictional bar, and a waiver of sovereign immunity is to be construed strictly and limited to its express terms." *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003); *see also Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir. 1998) (conditions of the FTCA's waiver of sovereign immunity "are to be strictly applied against the claimant"). Therefore, there is no legal basis to excuse Plaintiffs'

8

non-compliance with Section 2675(a) by failing to provide a "sum certain" claim for money damages.

In any event, even assuming *arguendo* that the February 13 Claim was a valid administrative claim under the FTCA, the district court still lacked jurisdiction over the FTCA claim because Plaintiffs filed the lawsuit prematurely. Plaintiffs failed to demonstrate that the February 13 Claim was "finally denied by the agency," either "in writing" or by "failure . . . to make [a] final disposition . . . within six months after [the claim was] filed." 28 U.S.C. § 2675(a). It is uncontroverted that the agency did not deny Plaintiffs' February 13 Claim. Plaintiffs point to their allegation in the Amended Complaint that "[u]pon information, the USCIS investigated [the February 13 Claim] and it is understood from a DHS Civil Rights Officer 'Ms. Keels' that the investigators found against Defendant ISO Lewis and 'were taking action against her.'" App'x at 19. Not only is there no allegation that the communication was in writing, but the communication itself does not indicate a final action as to the purported claim. To the contrary, it references an incomplete, unspecified action. To the extent Plaintiffs argue that the February 13 Claim should be construed as a claim for damages, the communication makes no reference to that purported claim and cannot be reasonably construed as either granting or denying that claim. Given the absence of a final agency decision with respect to the February 13 Claim, and because six months had not elapsed from the submission of that claim until Plaintiffs filed this lawsuit on February 28, 2020, the district court also lacked jurisdiction on this independent ground.

Accordingly, because Plaintiffs failed to file a proper claim with a "sum certain" and filed the lawsuit prematurely, the district court correctly determined that Plaintiffs failed to exhaust their administrative remedies and properly dismissed the FTCA claim without prejudice for lack of

9

subject matter jurisdiction.[3]

### III.   APA Claim

Plaintiffs also argue that the district court erred in dismissing their APA claim, which alleged they had been subject to arbitrary and capricious action by the USCIS, because Plaintiffs have not yet been subject to a final agency action.

Under the APA, a "reviewing court shall . . . hold unlawful and set aside agency action . . . found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).   However, the APA makes clear that judicial review is only proper where there is a "final agency action for which there is no other adequate remedy." 5 U.S.C. § 704; *see Larson v. United States*, 888 F.3d 578, 587 (2d Cir. 2018) ("APA review is limited to [ ] final agency action.").   For an agency action to be "final," two conditions must be met:   "First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature.   And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (internal quotation marks and citations omitted).[4]

---

[3]   We recognize that Plaintiffs did file a claim with a "sum certain" on a Standard Form 95—the form typically used for presenting tort claims to a federal agency, *see* 28 C.F.R. § 14.2(a)—on March 6, 2020, a week *after* initially filing suit on February 28, 2020, and that more than six months have passed since that form was filed.   However, the Supreme Court has made clear that prematurely-filed FTCA claims should be dismissed without prejudice, even where those claims would be ripe if re-filed at a later date. *See McNeil v. United States*, 508 U.S. 106, 111–13 (1993); *see also Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) ("[A]s a general rule, a premature [FTCA] complaint cannot be cured through amendment, but instead, plaintiff must file a new suit." (internal quotation marks omitted)).

[4]   Although we have held that "[the] requirement of finality is jurisdictional," *Air Espana v. Brien*, 165 F.3d 148, 152 (2d Cir. 1999), we have recognized that it is "uncertain in light of recent Supreme Court precedent whether [the APA] threshold limitations [which include finality of agency action] are truly jurisdictional or are rather essential elements of the APA claims for relief." *Sharkey v. Quarantillo*, 541 F.3d 75, 87 (2d Cir. 2008) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514–15 (2006)).   That debate,

10

As a preliminary matter, although Plaintiffs contend that the district court failed to consider their argument that the Stokes Interview notice itself constituted a final agency action, that contention misconstrues the record. The district court *did* consider whether the issuance of a Stokes Interview notice could constitute a final agency action and, after rejecting that argument, addressed whether USCIS had issued a decision on Mrs. Manchanda's application for adjustment of status. As set forth below, because the Stokes Interview notice is not a final agency action and the USCIS has yet to issue a decision on the application for adjustment of status, the district court correctly concluded that the APA claim was premature because of the lack of a final agency action.

Plaintiffs allege that "[t]he very act of being set down for a Stokes Hearing implies that a determination has been made that criminally actionable immigration fraud and perjury are most likely present," and thus a Stokes Interview is "the functional equivalent of charging an innocent individual with a crime." Reply Br. at 5. On that basis, they allege that "legal consequences flow" from a Stokes Interview notice, and therefore it should be considered a final agency action under the APA. *Id.* We disagree. No legal consequences flow from the scheduling of a Stokes Interview. As the district court correctly noted, the Stokes Interview is, at most, an additional investigative step that is conducted to determine whether there is a bona fide marriage. *See Stokes v. INS*, 393 F. Supp. 24, 28 (S.D.N.Y. 1975). It is well settled that such interlocutory investigative steps by an agency do not constitute final agency actions under the APA. *See FTC v. Standard Oil Co.*, 449 U.S. 232, 244–45 (1980) (holding issuance of administrative complaint to initiate proceedings is not final agency action for judicial review); *Veldhoen v. U.S. Coast Guard*, 35 F.3d

however, is immaterial to our analysis here because the APA claim is subject to dismissal under *de novo* review for lack of agency action regardless of whether it is analyzed under Rule 12(b)(1) or 12(b)(6).

222, 225 (5th Cir. 1994) (citing *Standard Oil*, 449 U.S. at 239–45) ("An agency's initiation of an investigation does not constitute final agency action.")); *see also DRG Funding Corp. v. Sec'y of Hous. & Urb. Dev.*, 76 F.3d 1212, 1215 (D.C. Cir. 1996) (noting that a decision that "does not end the controversy" is interlocutory in nature, and not a final agency decision).   Indeed, the Amended Complaint concedes that the USCIS's decision on Mrs. Manchanda's application to adjust her status was still pending when the lawsuit was filed.   *See* App'x. at 29 (noting that "Plaintiffs' application for marriage-adjustment of status has been pending with Defendants").   Accordingly, in the absence of a final agency action, the district court properly dismissed the APA claim without prejudice.[5]

*          *          *

Although it does not affect the result of this appeal, we would be remiss if we did not note in the strongest terms our disapproval of portions of Mr. Manchanda's *pro se* opposition in the district court to the defendants' motion to dismiss insofar as it is burdened by multiple racist and anti-Semitic attacks on, among many others, the district court and magistrate judges who decided the case, and the Assistant United States Attorney who represented the government in these proceedings.   *See* A092–95, Pls. Opp. to Defs. Mot. to Dismiss at 18–21, *Manchanda v. Lewis*, No. 20-cv-1773 (S.D.N.Y. Aug. 22, 2020).

---

[5]   Although Plaintiffs also brought an APA claim based on unreasonable delay under 5 U.S.C. § 706(1), they did not challenge the recommended dismissal of that claim in their objections to the R&R filed in the district court, nor did they raise that issue in their brief to this Court.   Therefore, that claim is deemed abandoned.   *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

12

We have considered Plaintiffs' remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the order and judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court