*Collins v. United States*

# In the
# United States Court of Appeals
## for the Second Circuit

─────────

AUGUST TERM 2020

No. 20-2021-cv

MICHAEL COLLINS,
*Plaintiff-Appellant,*

v.

UNITED STATES OF AMERICA,
*Defendant-Appellee,*

MICHAEL R. SCHOLL,
*Defendant.*[*]

─────────

On Appeal from the United States District Court
for the Eastern District of New York

─────────

ARGUED: JANUARY 7, 2021
DECIDED: APRIL 30, 2021

─────────

Before: CALABRESI, RAGGI, and CHIN, *Circuit Judges.*

───────────────

─────────────

[*] The Clerk of Court is directed to amend the caption to conform to the above.

Plaintiff Michael Collins, who sustained various injuries requiring hospitalization and surgery as a result of being struck by a United States Postal Service truck, appeals from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*), dismissing his Federal Torts Claims Act ("FTCA") lawsuit for lack of subject matter jurisdiction. Collins argues that the district court erred in ruling that he failed to satisfy the FTCA's jurisdictional requirement because he did not present his claims for administrative review with sufficient specificity to allow the government "to conduct an investigation and to estimate the claim's worth." *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998) (construing 28 U.S.C. § 2675(a)).

REVERSED AND REMANDED.

——————

MICHAEL V. DESANTIS (Adam Nicolazzo, *on the brief*), Kaufman, Dolowich & Voluck, LLP, Woodbury, New York, *for Plaintiff-Appellant.*

MEGAN FREISMUTH, Assistant United States Attorney (Varuni Nelson, Rachel G. Balaban, Assistant United States Attorneys, *on the brief*), *for* Mark J. Lesko, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York, *for Defendant-Appellee.*

——————

REENA RAGGI, *Circuit Judge*:

Early on the morning of October 25, 2017, a United States Postal Service ("USPS") truck traveling on Jericho Turnpike in Huntington, Long Island, struck a pedestrian, plaintiff Michael Collins, fracturing his left knee and six ribs. Pursuant to the Federal Torts Claims Act ("FTCA"), *see* 28 U.S.C. §§ 1346(b)(1), 2671 *et seq.*, Collins sought compensation for his injuries, first administratively, and then by filing this action in the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *J.*). He now appeals from a judgment entered in that court on May 26, 2020, dismissing his action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1), (h)(3). Specifically, Collins challenges the district court's finding that he failed to satisfy the FTCA's administrative exhaustion requirement because, in presenting his claim for USPS review, he did not "provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth," as required by this court's precedent. *Collins v. U.S. Postal Serv.*, 462 F. Supp. 3d 231, 237, 241 (E.D.N.Y. 2020) (quoting *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998)).

We agree that the district court erred in finding Collins's presentment inadequate. The FTCA's jurisdictional presentment prerequisite is one of notice, not proof. While this requirement demands more than a conclusory assertion of claims, it does not necessarily require that a claimant provide an agency with supporting evidence. Rather, the presentment requirement mandates that the claimant present the agency with sufficient information—whether through narrative, evidence, or other means—to alert the agency to the basis for his claim, the nature of his injuries, and the amount of

3

damages sought so that the agency can proceed to investigate its liability and value the claim in order to assess the advisability of settlement. Because Collins here presented information sufficient to provide such notice, we reverse the dismissal of his FTCA action and remand with directions to reinstate his complaint.

## BACKGROUND[1]

### I.     A USPS Truck Hits Collins

At approximately 5 a.m. on October 25, 2017, USPS employee Michael Scholl was driving a USPS truck—specifically, a Mack tractor-trailer—on Jericho Turnpike in Huntington, Long Island, when he hit pedestrian Michael Collins.

Suffolk County police officers and a USPS investigator responded to the accident scene. The USPS investigator reported that the accident happened when Scholl, after stopping for a traffic light at Melville Avenue, proceeded east about 30 yards on Jericho Turnpike and hit a pedestrian who was "just standing . . . on Jericho [Turnpike] . . . in the dark." App'x at 63. The police reported Scholl stating that he had not seen Collins standing in the road when he hit him. *See id.* at 55. The police further reported Collins stating that he

---

[1] The facts summarized herein, which we presume true for the purposes of this appeal, are derived from Collins's complaint, documents incorporated therein, and documents submitted to and considered by the district court upon the motion to dismiss for lack of subject matter jurisdiction. *See Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016) ("In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction. The court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." (internal alteration, citation, and quotation marks omitted)).

had been at a friend's home smoking "weed" and doing "shots of [J]ameson" prior to the accident. *Id.*

Collins was transported to Huntington Hospital where a battery of tests identified various injuries, among them six rib fractures and a fracture of the medial femoral condyle in his left knee.[2] On October 26, 2017, doctors operated on Collins's knee, inserting three screws into the broken bone. When Collins was discharged on October 30, 2017, hospital notes document his need for personal assistance with various life activities, a number of prescription medications, and acute rehabilitation therapy.

Apparently, Collins's recovery did not go smoothly, and he developed infections requiring further hospitalization from November 12, 2017, to December 26, 2017, and then again in June 2018.

## II.    Collins's Standard Form 95 Claim for Compensation

On December 15, 2017—*i.e.*, while Collins was hospitalized for a second time—his attorney filed an administrative FTCA claim for compensation using the government's prescribed Standard Form 95 ("Form 95"). *See* 39 C.F.R. § 912.5. In response to inquiries on the form, counsel stated, as relevant here, that the "Date" and "Time" of the injury at issue were "10/25/17" at "5:04 a.m.," and that the "Basis of Claim" was as follows:

---

[2] Hospital records show that Collins's "[a]lcohol level was minimal" and that a "drug screen was not done." *Id.* at 197.

> Claimant, a pedestrian, was struck and seriously injured as a result of a vehicle/tractor trail[e]r driven by a U.S. Post Office employee (named Michael Scholl) that came into contact with claimant. Incident occurred on E. Jericho Turnpike approximately 100 feet east of Melville Road, Town of Huntington, County of Suffolk, NY.

App'x at 78.

Counsel further stated that Collins sought "$10,000,000" compensation for "personal injury," detailed as follows: "fractured left knee; 6 rib fractures (3 front, 3 back); left elbow, exposed bone and/or fracture; head; chest, including chest infection; equilibrium issues; blood infection." *Id.* In both the Form 95 and an accompanying transmittal letter, counsel reported that Collins was then in the hospital—specifically in the intensive care unit—receiving treatment related to the claimed injuries. Collins's counsel also submitted bills showing his client's $42,785.92 indebtedness to Huntington Hospital for specified and unspecified services rendered from October 25 to October 30, 2017. Among these were a $3,795.50 bill for "critical care," "hospital care," and "initial inpatient consult[s]," and a $4,238.00 bill for "anesthesia services" provided by Dr. Cory Schneider. *Id.* at 474–75.

## III. Ensuing Correspondence

By response letter dated January 8, 2018, a USPS claims examiner confirmed the agency's December 29, 2017 receipt of Collins's Form 95 and advised that she was "reviewing" his claim to

determine "any legal liability" on the part of USPS. *Id.* at 84.[3] The examiner stated that Collins's claim would be "adjudicated as soon as possible," noting that USPS "ha[d] six months from December 29, 2017," to do so. *Id.*; *see* 28 U.S.C. § 2675(a). The examiner did not then indicate that Collins's Form 95 claim was deficient in any way. Nor did she request any further information. Rather, she advised that "any additional information *you wish to submit* that would be helpful in the review of this matter" should be directed to her attention. App'x at 84 (emphasis added).

Subsequently, in support of USPS's motion to dismiss this action, the examiner professed to having had "several discussions with and sent letters to plaintiff's attorneys regarding the need for medical documentation needed in order to fully evaluate plaintiff's claim." *Id.* at 75. The next documented communication from USPS, however, is not until June 2018. Well before that, on February 23, 2018, Collins's attorney sent USPS "a HIPAA authorization for Huntington Hospital" to release to USPS all Collins's medical records from "10/25/17" to the "present."[4] *Id.* at 443–44. Counsel also sent a February 2, 2018 bill from Huntington Hospital, itemizing $65,015.76

---

[3] USPS's liability is not at issue on this appeal, and we express no opinion in that regard.

[4] The Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), *see* 42 U.S.C. § 1320d *et seq.*, prohibits the disclosure or receipt of "individually identifiable health information" from "a covered entity . . . without authorization," *id.* § 1320d-6(a); *see* 45 C.F.R. § 164.508(b)–(c) (defining valid authorizations, core elements, and required statements).

in services for Collins's October hospitalization.[5] Counsel advised that "once this firm receives more items/information that can assist you in your evaluation (such as further medical records), then we will forward them to you as well." *Id.* at 443.

The next documented communication between the parties is an April 3, 2018 letter from Collins's counsel to USPS transmitting his client's complete Huntington Hospital medical records—totaling over 300 pages—covering October 25–30, 2017. Counsel advised that he was still awaiting other hospital records, which he would forward to USPS upon receipt.

It was not until June 12, 2018—approximately two weeks before the expiration of the six-month period for decision referenced in USPS's January 8, 2018 letter and mandated by 28 U.S.C. § 2675(a)— that the examiner sent Collins's counsel a letter stating that she needed more information "to properly evaluate his claim." *Id.* at 69.

---

[5] These itemized services are as follows:

| | |
|---|---|
| MRI Spinal Cord Spin | $ 826.00 |
| CT Scan | $ 2,975.00 |
| EKG/ECG | $ 496.00 |
| Emergency Room | $ 1,875.00 |
| Laboratory | $ 4,872.00 |
| Med/Surg Supplies & Devices | $ 3,248.00 |
| Operating Room Services | $ 8,085.00 |
| Pharmacy | $ 1,602.24 |
| Physical Therapy | $ 862.00 |
| Radiology-Diagnostic | $ 12,757.00 |
| Recovery Room | $ 1,715.00 |
| Room & Board | $ 12,495.00 |
| Room & Board I.C.U. | $ 10,360.00 |
| New York Surcharge | $ 2,847.52 |

*Id.* at 447.

8

She requested "the ambulance report, complete records from the hospitalization, and records for treatment Mr. Collins received after 10/30/2017 along with all medical billings, no fault payment log, and documentation regarding any outstanding liens." *Id.*; *see* 39 C.F.R. § 912.7(b).

Collins's counsel responded promptly by letter dated June 19, 2018. He advised that he had already sent USPS some of the requested materials, specifically, the ambulance report, Collins's full medical records from his October 25–30, 2017 hospitalization, and the $65,015.76 bill from that hospitalization. Counsel reported that Collins was not receiving any no-fault benefits. Further, he identified by name and address those treating persons and entities from whom he was still awaiting records and bills.[6] Counsel also supplemented Collins's Form 95 with a more particular description of his injuries.[7]

---

[6] The persons and entities so identified are Apex Rehabilitation & Healthcare, North Shore Home Care, Huntington Hospital (for the period November 12–December 26, 2017), and Doctors Harold German, Juliana Kanji, and Adam Bitterman. Hospital records identify Dr. Bitterman as the orthopedic surgeon who operated on Collins's knee in October 2017.

[7] The supplemented response detailed the nature and extent of Collins's injuries as follows:

- Closed non-displaced fracture of femoral condyle;
- 10/26/17: Open reduction and internal fixation of the left femoral condyle;
- Acute fractures of the left second and third ribs anteriorly;
- Acute fractures of the left fourth and fifth ribs segmentally, posteriorly and anteriorly, with the posterior fracture fragments mildly comminuted and overriding;

9

Finally, counsel advised that Collins was again hospitalized to treat an infection stemming from his October surgery, and "reserve[d] the right to further supplement [Collins's] claim" upon anticipated receipt of "an abundance of medical records." *Id.* at 71–72.

The record reveals no further communication by USPS before August 22, 2018, when Collins commenced this FTCA action in the district court. Three weeks later, by letter dated September 12, 2018, USPS formally denied Collins's administrative claim. The stated reason was as follows:

> Despite our discussions regarding additional treatment your client received beyond his initial hospitalization, you refused to provide records for the additional treatment. As such, due to your failure to submit competent evidence of your client's injuries and damages as is required, the above-referenced administrative claim is hereby denied.

---

- Acute fractures of the . . . left sixth rib posteriorly;
- Impacted fractures of the anterior right third and fourth ribs;
- Compression fracture within the T7 vertebral body, with loss of 50% of vertebral body height;
- Pneumothorax.

App'x at 73.

We cannot discern from the record whether these descriptions pertain to injuries already stated in Collins's Form 95 or whether, as the district court thought, the last two injuries are in addition to those earlier identified. We do not pursue the matter because it makes no difference to our decision.

10

*Id.* at 86–87.

Some ten months later, on June 26, 2019, the government moved in the district court to dismiss Collins's federal complaint for lack of subject matter jurisdiction, arguing that Collins had not adequately presented his claim for USPS review, thereby failing to satisfy the law's administrative exhaustion requirement. The district court agreed and, on May 26, 2020, dismissed the complaint.

This timely appeal followed.

## DISCUSSION

### I.   Standard of Review

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). On appeal of a dismissal for lack of subject matter jurisdiction, we review the district court's factual findings for clear error and its legal conclusions *de novo*. *See id.*; *McGowan v. United States*, 825 F.3d 118, 125 (2d Cir. 2016).

### II.   The FTCA's Presentment Requirement

#### A. The FTCA's Conditional Waiver of Sovereign Immunity

The law is clear that "[t]he United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued." *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019) (collecting cases). A waiver of sovereign immunity by the United States "must be unequivocally expressed in the statutory text," and "strictly construed, in terms of its scope, in the sovereign's favor." *Department*

*of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999) (internal quotation marks omitted).

In the FTCA, Congress expressly waived sovereign immunity by stating that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; *see Cooke v. United States*, 918 F.3d at 81. But the waiver is subject to a jurisdictional prerequisite: a tort action "shall not be instituted . . . against the United States for money damages . . . unless the claimant shall have first *presented* the claim to the appropriate Federal agency" for its review. 28 U.S.C. § 2675(a) (emphasis added). Further, an FTCA action "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency." *Id.* § 2675(b).[8] Such presentment must be made within two years after a tort claim accrues. *See id.* § 2401(b).

Congress enacted this jurisdictional presentment requirement "in 1966 as part of a package of amendments designed to facilitate out-of-court settlement of [FTCA] claims." *GAF Corp. v. United States*, 818 F.2d 901, 905 (D.C. Cir. 1987) (footnote omitted). To facilitate such settlements, the FTCA authorizes "[t]he head of each Federal agency or his designee" to settle tort claims presented for agency review "in accordance with regulations prescribed by the Attorney General." 28 U.S.C. § 2672. Further, to give the agency an exclusive window to

---

[8] The FTCA nevertheless authorizes lawsuits in excess of administratively presented amounts where a greater sum is based "upon newly discovered evidence not reasonably discoverable" at the time of presentment or "upon allegation and proof of intervening facts, relating to the amount of the claim." *Id.*

12

consider settlement, the FTCA permits an action under the statute to be filed in federal court only after the agency denies a tort claim or denial is presumed from the passage of six months from presentment without a final agency disposition. *See* 28 U.S.C. § 2675(a); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived."); *accord Cooke v. United States*, 918 F.3d at 81.

Thus, Collins was required to present his personal injury claim for USPS review before initiating an FTCA action in federal court.

## B. What Constitutes Presentment

### 1. Statutory Text

What suffices to "present" a tort claim to a federal agency so as to satisfy this FTCA jurisdictional prerequisite? Congress did not define the word "present" as used in the FTCA, and the Supreme Court has not addressed the issue. Under traditional principles of construction, we assume that Congress intended for a word to bear its ordinary meaning unless the word has acquired a specialized meaning at law. *See Bostock v. Clayton County*, 140 S. Ct. 1731, 1738 (2020) ("This Court normally interprets a statute in accord with the ordinary public meaning of its terms at the time of its enactment."); *United States v. Scott*, 990 F.3d 94, 109–10 (2d Cir. 2021) (*en banc*) (construing word "omission" in light of specialized meaning acquired at law).

In common usage, the verb "present" means "to bring or introduce into the presence of someone." Webster's Third New

13

International Dictionary 1793 (1986). At law, the word's meaning is the same, but more focused: "to lay (as a *charge*) before a court as an *object of inquiry*." *Id.* (emphasis added). Thus, at law, "presentment" is understood as "[t]he act of presenting or laying before a court or other tribunal a formal statement about a matter to be dealt with legally." Black's Law Dictionary 1433 (11th ed. 2019).[9] We assume Congress was aware of this legal meaning when it conditioned federal courts' exercise of FTCA jurisdiction on a preliminary administrative presentment. *See United States v. Scott*, 990 F.3d at 109–10. Accordingly, based simply on the statutory text, we construe the presentment requirement as one of notice, not proof. An FTCA claimant must provide the appropriate agency with sufficient notice

---

[9] The noun form, "presentment," is perhaps most famously used in its legal sense in the Fifth Amendment to the Constitution: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a *presentment* or indictment of a Grand Jury . . . ." U.S. Const. amend. V (emphasis added). As the leading commentators on federal practice and procedure explain,

> Although modern grand juries deal only with indictments, the Fifth Amendment to the Constitution also speaks of presentments. Historically a presentment was the process by which a grand jury initiated an independent investigation and asked that a charge be drawn to cover the facts that constitute a crime. Given the very heavy influence that federal prosecutors exercise over grand jury investigations, and more importantly, given the prosecutor's ability to prevent the case from moving forward by refusing to sign an indictment, the use of the presentment is now obsolete in federal practice.

1 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 111, at 455–56 (4th ed. 2008) (footnotes omitted).

of his claim to permit the agency to conduct an inquiry into the merits of his demand for compensation.

### 2. The Regulatory Requirement for Presentment and This Court's Decision in *Romulus v. United States*

What exactly must a claimant lay before an agency to provide sufficient notice of an FTCA claim? Again, the statute does not say, and the Supreme Court has not addressed the issue.

A USPS implementing regulation states that a "claim shall be deemed to have been presented when the U.S. Postal Service receives from a claimant" two things: "[1] an executed Standard Form 95 . . . or other written notification of an incident, accompanied by [2] a claim for money damages in a sum certain." 39 C.F.R. § 912.5(a). The sum-certain requirement can be traced to 28 U.S.C. § 2675(b), which, as noted *supra* at 12 & n.8, generally limits the United States' waiver of sovereign immunity to the damages amount presented to the agency. The Form 95 requirement, however, was promulgated by the Attorney General not on the basis of any authority conferred in § 2675 to prescribe requirements for presentment but, rather, on the basis of § 2672's authority to establish regulations facilitating settlement. Accordingly, 39 C.F.R. § 912.5 cannot dictate presentment.[10]

---

[10] As we discuss *infra* at Point IV, this conclusion finds support in the decisions of our sister circuits. *See Avery v. United States*, 680 F.2d 608, 611 (9th Cir. 1982) (Kennedy, J.) (stating that FTCA regulations "were promulgated pursuant to section 2672 of the Act dealing with the agencies' settlement authority, and do not interpret the claims section, section 2675(a)"); *Adams v. United States*, 615 F.2d 284, 288 (5th Cir. 1980) (identifying error in assumption that "notice requirements of 28 U.S.C. § 2675 must be read in light of the settlement procedures established

Indeed, just as Form 95 is not the only way to present a claim, this court has ruled that "the mere act of filing a [Form] 95 does not necessarily fulfill the presentment requirement of § 2675(a)." *Romulus v. United States*, 160 F.3d at 132. Rather, a claimant presenting an FTCA claim for administrative review—whether by Form 95 or otherwise—"must provide more than conclusory statements which afford the agency involved no reasonable opportunity to investigate." *Id.*

That concern arose in *Romulus* because the plaintiff there—also claiming damages from an accident involving a USPS vehicle—submitted a Form 95 stating the date, time, and approximate location of the accident but not identifying the driver or number of the USPS vehicle. *See Romulus v. United States*, 983 F. Supp. 336, 337 (E.D.N.Y. 1997). Further, that Form 95 reported only unspecified injuries to the claimant's "head, body, and extremities, pain and suffering, and emotional distress," and offered no medical records describing these injuries more particularly. *Id.* (internal quotation marks omitted). Finding such a submission insufficient to satisfy the FTCA's presentment requirement, the district court dismissed the action. Judge Trager observed that while a plaintiff "need not provide all possible information to satisfy the jurisdictional predicate" of presentment, neither could she "maintain an action after submitting

by [FTCA regulations], which were promulgated pursuant to section 2672"); *see also Byrne v. United States*, 804 F. Supp. 577, 581 (S.D.N.Y. 1992) ("Because the [FTCA settlement] regulations were not promulgated under the jurisdictional notice provision of the FTCA—indeed, section 2675 makes no provision for the promulgation of regulations under its authority—courts have declined to find that strict compliance with the regulations is a jurisdictional requirement.").

a conclusory form that provided no information" and "simply refus[ing] to provide an agency with any information to investigate the claim." *Id.* at 342 (noting plaintiff's complete failure to respond to USPS requests for more specific information).

This court adopted the district court's reasoning in affirming dismissal. *See Romulus v. United States*, 160 F.3d at 132. We ruled that to satisfy the law's jurisdictional requirement a presentment "must be specific enough to serve the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims." *Id.* (citing *Johnson ex rel. Johnson v. United States*, 788 F.2d 845, 848–49 (2d Cir. 1986), *overruled on other grounds*, *Sheridan v. United States*, 487 U.S. 392 (1988)).[11] To do that, a claimant "must provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth." *Id.* (citing *Keene Corp. v. United States*, 700 F.2d 836, 842 (2d Cir. 1983)).

Applying that standard here, we conclude that, because Collins provided sufficient information for an investigation, he satisfactorily presented his claim to USPS more than six months before filing his court action, thus supporting the district court's exercise of jurisdiction.

---

[11] After evaluating presentment, *Johnson* addressed whether the plaintiff could maintain an FTCA claim for negligent failure to prevent assault and battery by a government employee and held that such claims were precluded by 28 U.S.C. § 2680(h), the FTCA's intentional tort exception. *See* 788 F.2d at 850. In *Sheridan*, the Supreme Court ruled that the intentional tort exception did not universally bar claims based on a negligence theory. *See* 487 U.S. at 401–03.

**III. Collins's December 15, 2017 Submission Satisfied the FTCA's Jurisdictional Presentment Requirement**

The Form 95 and appended materials that Collins submitted to USPS on December 15, 2017, were sufficient to satisfy the FTCA's jurisdictional presentment requirement as construed by this court.

First, Collins did not rely on mere conclusory statements in presenting his claim. On his Form 95, he provided not only the date, time, and precise location of the collision, but also the name of the USPS employee involved and a narrative of the relevant events. This avoided the missteps identified in *Romulus v. United States*, 983 F. Supp. at 337, and provided USPS with sufficient information to enable it to investigate its potential liability, *see Johnson ex rel. Johnson v. United States*, 788 F.2d at 849 ("By stating the cause of the injury, the name of the employee who committed the assault, and the date and location of the attack, the claim notified the agency of sufficient factual circumstances to enable it to investigate the matter."). That conclusion is reinforced, moreover, by the fact that additional information regarding the accident was available to USPS from its own identified employee Scholl; its internal records, specifically, the reports of its on-scene investigator; and from an equally accessible police accident report. *See id.* (stating that presentment does not require plaintiff to provide information likely already in agency's possession). Indeed, we note that the district court did not find, nor does the government argue, that Collins's December 2017 filing failed to provide sufficient information to allow USPS to investigate *liability*. The presentment concern identified pertains to Collins's provision of information regarding his *injuries*, specifically those continuing or arising after October 2017.

That brings us to our second point. Collins's Form 95 provides quite specific information about the nature of the injuries he sustained from the collision. It identifies seven bone fractures by location: one in Collins's left knee, three to his front ribs, and three to his back ribs. The Form 95 also reports a possible fracture to Collins's left elbow, chest and blood infections, and equilibrium issues. Thus, with respect to injury as well as liability, Collins's Form 95 provides USPS with much more detailed information than the assertion of unspecified injuries to a claimant's "head, body, and extremities" in *Romulus v. United States*, 983 F. Supp. at 337 (internal quotation marks omitted). Moreover, along with his Form 95, Collins submitted documents from Huntington Hospital that, at a minimum, confirmed that his injuries required hospitalization, that the hospitalization lasted from October 25 to October 30, 2017, and that treatment had required, *inter alia*, anesthesia services—strongly suggesting that surgery was performed. Finally, in filing the Form 95, counsel advised USPS that Collins was again hospitalized, indeed, in the intensive care unit, alerting USPS that Collins was by no means recovered from his injuries. This information was sufficient to allow USPS to investigate and value the claim, thereby satisfying the jurisdictional presentment requirement of 28 U.S.C. § 2675. *See Adams v. U.S. Dep't of Hous. & Urb. Dev.*, 807 F.2d 318, 321 (2d Cir. 1986) (stating that "specificity requirement" for presentment serves "to give the government adequate notice of the extent of the claimant's demands"); *Johnson ex rel. Johnson v. United States*, 788 F.2d at 848–49 (stating "[a]ll that is necessary" for presentment "is that a claim be specific enough to serve the purposes intended by Congress in enacting § 2675(a)—to ease court congestion and avoid unnecessary litigation, while making it

possible for the Government to expedite the fair settlement of tort claims asserted against the United States" (internal quotation marks omitted)).

The government appears to argue that even if Collins's December 15, 2017 administrative filing was sufficient notice of the injuries sustained during the collision, his "refus[al]" to provide records for subsequent "additional treatment" rendered his presentment inadequate (or premature) to support the district court's jurisdiction. App'x at 86; *see* Appellee Br. at 15–22.[12]

We are not persuaded. As noted, Collins's December 2017 administrative filing advised USPS that he had been readmitted to the hospital for intensive care related to his injuries. This information was sufficient to alert USPS that he required significant further treatment. Congress did not require either a claimant's complete recovery or resolution of all his outstanding medical issues before he could submit an FTCA claim. Rather, Congress appears to have anticipated that such issues might be ongoing in allowing FTCA actions to be maintained even for amounts in excess of the sum certain stated in a presentment "where the increased amount is based [1] upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or [2] upon

---

[12] Nothing in the existing record indicates that Collins ever "refused" to provide USPS with records for his additional treatment. Rather, it appears that Collins had not yet himself received all records requested from various treating persons and entities. Insofar as he explained this to USPS—and provided it with such records as he had received as well as HIPAA authorization allowing USPS to obtain his Huntington Hospital treatment records—this case does not present the sort of "refus[al]" noted in *Romulus v. United States*, 983 F. Supp. at 342.

20

allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b). The development of complications following surgery that slow recovery and the treatment required for such complications are intervening facts the particulars of which are not reasonably discoverable to an injured party upon initial discharge from hospitalization. Thus, based on the statutory text, we reject the idea that a seriously injured party cannot present a claim until he has completed all treatments or is fully recovered.

To be sure, this court has ruled that a claim is not adequately presented when it vaguely references the possibility of future damages in an "amount yet to be determined, which may dwarf the sum stated." *Keene Corp. v. United States*, 700 F.2d at 842 (internal quotation marks omitted). But that is not this case because (1) Collins's court action seeks compensatory damages in the same $10,000,000 amount stated in his December 2017 administrative filing; and (2) nothing in the record presented suggests that compensation for future treatments will "dwarf" compensation for the serious physical injuries and attendant pain and suffering already sustained as of presentment. In sum, we conclude that Collins's December 2017 filing put USPS on notice not only of the immediate, specifically described injuries sustained during the collision but also of ongoing recovery challenges likely to require further treatment. The provision of this information was sufficient to alert USPS to the scope of Collins's alleged injuries and to permit an investigation in order to value this claim.

In this regard, we note that the adequacy of Collins's presentment does not depend on whether USPS could reasonably be

21

expected to complete its investigation or reach a precise valuation of the claim within the six-month decisional period before an FTCA action can be filed in federal court. *See* 28 U.S.C. § 2675(a). Courts, lawyers, and juries must frequently make a value determination as to future damages based on the seriousness of present injuries. As the district court correctly recognized in *Romulus*, even in such circumstances, the statutory timetable serves Congress's purpose by "allow[ing] simple claims to be settled, while complex claims, which most likely cannot be settled within six months, can be adjudicated." *Romulus v. United States*, 983 F. Supp. at 340.[13]

Certainly, before making any settlement decision on Collins's claim, USPS would reasonably wish to investigate and confirm these injuries and to ascertain the likelihood of Collins making a full recovery. Toward that end, it may well have employed its regulatory authority to require Collins to submit substantiating evidence, *see* 39 C.F.R. § 912.7(b), and to deny his administrative claim if he failed to comply. But, as we explain in the next section of the opinion, this regulation requires evidence production to facilitate settlement; it does not do so to define presentment. Presentment demands sufficiently detailed information for investigation, and that

---

[13] The FTCA and its implementing settlement regulations contain no provisions for extension of the six-month decisional period a claimant must wait before filing suit in federal court. While an agency may request that a claimant refrain from filing suit to afford the agency additional time to complete its investigation, the agency cannot unilaterally prevent a claimant, who has properly presented a claim, from filing suit after the six-month decisional period has expired. *See* 28 U.S.C. § 2675(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, *at the option of the claimant any time thereafter*, be deemed a final denial of the claim for purposes of this section." (emphasis added)).

22

information can be provided by narrative, even before substantiating evidence is requested or produced.[14]

In sum, as long as an FTCA claimant presents the appropriate agency with sufficiently specific information—whether by narrative, evidence, or other means—to permit the agency to conduct an investigation and then to estimate the value of the claim, the FTCA's jurisdictional presentment requirement is satisfied. Because Collins did that here, the judgment dismissing his FTCA action for lack of jurisdiction must be reversed.

## IV. Presentment Does Not Require Compliance with Settlement Regulations Issued Under 28 U.S.C. § 2672

One final point needs to be addressed. Collins submits that the district court's erroneous dismissal of his FTCA action derived from its mistaken assumption that presentment requires an administrative claimant to supply the agency with supporting evidence referenced in regulations promulgated pursuant to 28 U.S.C. § 2672.

We do not think such a mistake caused the erroneous determination here. Indeed, although this court has yet to rule specifically on the point, the district court assumed that an FTCA

---

[14] On the record before us, USPS does not appear to have been particularly diligent in pursuing such evidence. Its only documented request for information was made on June 12, 2018, approximately two weeks before expiration of the six-month period for decision afforded by 28 U.S.C. § 2675(a). Moreover, nothing in the record indicates that USPS availed itself of the HIPAA authorization that Collins provided on February 23, 2018, affording USPS access to all his Huntington Hospital records. Nor does it appear that USPS carefully reviewed the hospital records that Collins provided on April 3, 2018, because the agency's June 12, 2018 request sought some materials contained in these already transmitted records.

claimant "need not comply" with settlement regulations stemming from § 2672 to establish proper presentment. *Collins v. U.S. Postal Serv.*, 462 F. Supp. 3d at 238 (quoting *Romulus v. United States*, 983 F. Supp. at 340). Rather, it found Collins's December 15, 2017 submission insufficient, by itself, to satisfy the § 2675(a) jurisdictional presentment requirement. *See id.* at 239 (stating that "it is clear that submission of the [Form 95] was not, by itself, sufficient to present his claim"). Thereafter, the district court considered the supplemental evidence Collins provided USPS only to explain why it concluded that this evidence failed to cure the original presentment deficiency or, even if it did, why it restarted § 2675(a)'s six-month decisional clock, making Collins's court filing premature. *See id.* at 239 & nn.3–4 (stating that "question of the sufficiency of the evidence provided to the agency concerns whether [Collins] adequately presented his claim under § 2675(a) and does not implicate the settlement provision § 2672 and the related regulations").

While we do not identify the urged legal error, we nevertheless sense in both the parties' arguments and the district court's reference to a claimant's "burden to provide evidence," *see id.* at 239 (internal quotation marks omitted), some confusion about how FTCA settlement regulations might influence § 2675(a) presentment. In past cases, we have found it unnecessary to address this issue because the challenged presentments were inadequate in any event. *See, e.g.*, *Romulus v. United States*, 160 F.3d at 132 (stating that issue of § 2672 regulations was not properly before court on appeal because district court had resolved issue in plaintiff's favor and, nevertheless, found presentment inadequate); *Keene Corp. v. United States*, 700 F.2d at 841–42 & n.9 (noting, but not addressing, question of § 2672 regulations

24

where presentment failed, in any event, to state damages in sum certain). By contrast, where, as here, we conclude that an initial administrative filing provides sufficient information for agency investigation, we cannot avoid the question of whether presentment requires the claimant to substantiate his claim with specific regulatory-defined evidence.

We conclude that it does not. We do not foreclose the possibility that, in some cases, a claimant's complete refusal to respond to agency requests for evidence could cast doubt on the good faith of a bare presentment, thereby implicating a district court's subject matter jurisdiction. That, however, is not this case. After presentment, Collins repeatedly transmitted supporting evidence to USPS and, as in the case of his HIPAA authorization, facilitated USPS's access to such evidence.[15] Indeed, it appears that to the extent he did not provide evidence requested by USPS, it was because the pertinent records were not yet in his possession. Collins's counsel reiterated as much in his prompt response to USPS's only documented request for supporting evidence in June 2018. Thus, nothing in the record casts doubt on the good faith of Collins's December 15, 2017 presentment. We therefore clarify that, in general and certainly here, a claimant who fails to provide supporting evidence for a well-presented FTCA claim may be denied an

---

[15] Because Collins's December 15, 2017 submission was a satisfactory presentment of his claim, his subsequent submissions of substantiating evidence do not constitute an amended claim so as to restart the six-month decisional period and render his court action premature. We reference them here only to explain why there is no record basis to conclude that presentment was made in bad faith.

25

administrative settlement, but not his day in court.[16]  In so holding, we join the overwhelming majority of courts of appeals to have considered the matter.

To explain, we acknowledge at the outset that Form 95—the form used by Collins—instructs FTCA claimants that their damages claim should both be stated in a sum certain and "substantiated by competent evidence."  App'x at 79.  With respect to personal injury or death claims, Form 95 instructs that

> the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*Id.*

As noted *supra* at 15, requiring an FTCA claimant to present a sum certain claim for damages finds support in the statutory text of the presentment requirement, which generally limits FTCA actions to the amount of damages "presented to the federal agency."  *See*

---

[16] A claimant denied a settlement is, of course, forced to incur the additional time, costs, and risks of a court action.  This will likely encourage most claimants to provide supporting evidence to secure settlement.  *See, e.g.*, *Adams v. United States*, 615 F.2d at 290 ("A claimant will ordinarily comply with [FTCA settlement regulations] if he or she wishes to settle his or her claim with the appropriate agency.").

28 U.S.C. § 2675(b). Form 95's substantiation instruction, on the other hand, derives not from the text of § 2675 or even from 39 C.F.R. § 912.5(a), the regulation stating what an agency will deem an adequate presentment. Rather, it derives from 39 C.F.R. § 912.7, a regulation promulgated to facilitate an agency's exercise of the settlement authority conferred by 28 U.S.C. § 2672 without regard to the adequacy of presentment.[17]

---

[17] In regards to personal injury, the regulation states as follows:

> In support of a claim for personal injury, including pain and suffering, the claimant may be required to submit the following evidence or information:
>
> (1) A written report by his attending physician or dentist setting forth the nature and extent of the injury, nature and extent of treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity. In addition, the claimant may be required to submit to a physical or mental examination by a physician employed by the agency or another Federal agency. A copy of the report of the examining physician shall be made available to the claimant upon the claimant's written request, provided that he has, upon request, furnished the report referred to in the first sentence of this paragraph and has made, or agrees to make available to the agency or another Federal agency. A copy previously or thereafter made of the physical or mental condition which is the subject matter of his claim.

27

Some forty years ago, however, the First Circuit upheld the dismissal of an FTCA action as premature on the ground that the plaintiff had sued before providing the agency reviewing his claim with requested substantiating evidence. *See Swift v. United States*, 614 F.2d 812, 814–15 (1st Cir. 1980). The First Circuit stated that "the agency had clear authority under its own regulations . . . to request supporting information," and that plaintiff counsel's failure to provide that information "prevented the agency from further evaluating the claim for settlement purposes, the very reason for the stringent claim requirements set forth in 28 U.S.C. § 2675(a)." *Id.* at 814.

---

(2) Itemized bills for medical, dental, and hospital expenses incurred, or itemized the report referred to in the first expenses.

(3) If the prognosis reveals the necessity for future treatment, a statement of expected expenses for such treatment.

(4) If a claim is made for loss of time for employment, a written statement from his employment, whether he is a full- or part-time employee, and wages or salary actually lost.

(5) If a claim is made for loss of income and the claimant is self-employed, documentary evidence showing the amount of earnings actually lost.

(6) Any other evidence or information which may have a bearing on either the responsibility of the United States for the personal injury or the damages claimed.

39 C.F.R. § 912.7(b).

In ruling that jurisdiction was thus lacking, the First Circuit cited approvingly to a district court decision in this circuit: *Kornbluth v. Savannah*, 398 F. Supp. 1266 (E.D.N.Y. 1975). In dismissing an FTCA claim by a plaintiff injured in a collision with a USPS vehicle, that district court held that plaintiff's failure to submit doctors' reports and medical bills requested by the agency defeated jurisdiction. It explained:

> The purpose of requiring preliminary administrative presentation of a claim is to permit a government agency to evaluate and settle the claim at an early stage, both for the possibility of financial economy and for the sake of relieving the judicial burden of FTCA suits. These purposes would be defeated if a claimant could refuse to submit the information necessary for the agency to evaluate the claim and then present the matter for the first time to a district court.

*Id.* at 1268. The point is not devoid of persuasive appeal, but other courts of appeals to consider the question have reached a different jurisdictional conclusion, and we adopt their reasoning as our own.

Specifically, after a careful review of the statute's legislative history, the Fifth Circuit construed § 2675(a)'s presentment requirement to demand notice, not proof, of a claim for compensation. *See Adams v. United States*, 615 F.2d 284, 291–92 (5th Cir. 1980). That court held that a claimant provides the requisite notice if he "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." *Id.*

29

at 289.  The Fifth Circuit explained that the "[p]resentation of a claim and its settlement are distinct processes" and, thus, "[t]he requirements of section 2675 and of section 2672 are . . . independent." *Id.* at 290.  While a failure to provide the notice required by § 2675 deprives a plaintiff of the ability to sue, "[n]oncompliance with section 2672 deprives a claimant only of the opportunity to settle his or her claim outside the courts."  *Id.*[18]

Two years later, the Ninth Circuit—in an opinion authored by then-Judge, later Justice, Kennedy—characterized *Adams*'s view of presentment as "the proper one" and ruled that "jurisdictional dismissal of FTCA suits brought by plaintiffs who presented only skeletal claims to the agency is not warranted by the statutory language and history."  *Avery v. United States*, 680 F.2d 608, 609–10 (9th Cir. 1982).  The court explained:

> Section 2675(a) was not intended to allow an agency to insist on proof of a claim to its satisfaction before the claimant becomes entitled to a day in court.  To so hold would permit federal defendants to be judge in their own cause by the initial determination

---

[18] In further support of its conclusion that 28 U.S.C. § 2672 did not determine jurisdiction, the *Adams* court cited Congress's allowance for attorneys' fees to be recovered by claimants who settled FTCA claims. *See id.* at 290 n.11 ("[O]ne of the reasons for which Congress included an attorneys' fee provision was, according to the Attorney General, to encourage claimants and their attorneys to make use of this new administrative procedure.  Encouragement would hardly have been thought necessary if the administrative procedures under section 2672 were mandatory or were, through section 2675, a jurisdictional prerequisite to suit." (internal citation and quotation marks omitted)); 28 U.S.C. § 2678 (permitting recovery of attorneys' fees up to 20% of settlement amount); 39 C.F.R. § 912.13.

of a claim's insufficiency. The result would not be consistent with the congressional purpose of providing for more fair and equitable treatment of private individuals and claimants when they deal with the Government.

*Id.* at 611 (internal quotation marks omitted).

The Third Circuit also adopted *Adams*'s reasoning in reinstating an FTCA complaint that had been dismissed because the claimant failed to support his injury claim with itemized bills. *See Tucker v. U.S. Postal Serv.*, 676 F.2d 954, 956–57 (3d Cir. 1982) (distinguishing statutory presentment requirement from regulations identifying evidence that agency may require when considering settlement).

The Seventh Circuit did the same in *Charlton v. United States*, 743 F.2d 557, 561 (7th Cir. 1984) (citing approvingly to *Adams* and *Avery* in stating that "were we to conclude that compliance with the [settlement] regulations was jurisdictional, we would be creating the anomalous situation whereby an agency could prevent a claimant from going to court by forever requesting additional information"). It concluded that "the statutory requirement of 'presenting a claim' merely requires the filing of minimal notice and the setting of a 'sum certain.' The establishment of more stringent exhaustion requirements, should they appear desirable, is better left to Congress." *Id.*

The Eleventh Circuit also approved *Adams*'s presentment standard, *see Tidd v. United States*, 786 F.2d 1565, 1567–68 (11th Cir. 1986), although it there concluded that an FTCA plaintiff unable to

31

provide even the date or location of the alleged injurious vaccination had not provided the agency with sufficient information to investigate, *see id.* at 1569 n.10 (observing that, without information as to date or location, agency was relegated "to locating the proverbial needle of a single inoculation out of a haystack of thousands of such inoculations").

The District of Columbia Circuit cited approvingly to *Adams* in "distinguish[ing] between the presentment filing mandated by Section 2675(a) and the settlement procedures of Section 2672." *GAF Corp. v. United States*, 818 F.2d at 918–19 & n.99 ("Presentment is mandatory; settlement is merely optional."). It concluded therefrom that

> the presentment requirement imposes on claimants a burden of notice, not substantiation, of claims. To conflate the mandatory presentment requirement of Section 2675(a) with the settlement procedures of Section 2672, and require claimants to substantiate claims for settlement purposes as a prerequisite to filing suit, is to compel compliance with settlement procedures contrary to congressional intent.

*Id.* at 919 & n.101 (citing *Adams v. United States*, 615 F.2d at 288).

The reasoning stated in *Adams* and now adopted by most courts of appeals comports with our own construction of the FTCA's jurisdictional requirement. To clarify our construction, we reiterate

that the claimant's presentment burden is one of notice, not proof. Presentment requires more than a conclusory statement of claim that makes it essentially impossible for an agency to know what it must investigate. It requires a claimant to provide the reviewing agency with sufficiently specific information as to the basis for his claim, the nature of his injuries, and the amount of damages sought that the agency can reasonably understand what it must probe to determine liability, to value the claim, and to assess the advisability of settlement. *See Romulus v. United States*, 160 F.3d at 132. But a plaintiff can provide this information by narrative, evidence, or other means. To the extent 39 C.F.R. § 912.7 empowers an agency to require the production of evidence to facilitate its consideration of settlement, a claimant who fails to respond to such a demand to the agency's satisfaction may be denied an administrative settlement—as was Collins. But where, as here, a claimant satisfies presentment consistent with our precedent, his failure to submit substantiating evidence, either generally or in response to a § 912.7 demand, does not deprive a federal court of subject matter jurisdiction over an ensuing FTCA action or a claimant of his day in court.

## CONCLUSION

To summarize,

(1)   The FTCA's jurisdictional presentment requirement, *see* 28 U.S.C. § 2675(a), is one of notice, not proof.

(2)   The notice required for FTCA presentment must provide a reviewing agency with sufficiently specific information as to the basis of the claim, the nature of claimant's injuries, and the amount of damages sought such that the

agency can reasonably understand what it must investigate to determine liability, to value the claim, and to assess the advisability of settlement.

(3) An FTCA claimant can provide the specific information required for presentment by narrative, by evidence, or by other means.

(4) An FTCA claimant who provides a sufficiently specific narrative need not also submit substantiating evidence to satisfy presentment. While a failure to present such evidence can support an agency's administrative denial of a claim, it does not deprive a district court of jurisdiction over an FTCA action subsequently filed by the claimant.

(5) Plaintiff Collins's December 15, 2017 filing of a Standard Form 95, together with accompanying materials, provided USPS with sufficiently specific information to allow the agency to investigate the claim and to assess its value. Any failure by Collins then (or thereafter) to provide evidence supporting his claim to the satisfaction of USPS did not warrant the dismissal of his court action for lack of subject matter jurisdiction.

Accordingly, the May 26, 2020 judgment dismissing this action for lack of subject matter jurisdiction is **REVERSED**, and this case is **REMANDED** with instructions to reinstate Collins's complaint.