Hardie v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand twenty-one.

PRESENT:

REENA RAGGI,
GERARD E. LYNCH,
MICHAEL H. PARK,
*Circuit Judges.*

_____

DELROY HARDIE,

*Plaintiff-Appellant*,

v.                                                                        21-106-cv

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:          Adam J. Roth, Law Offices of Adam J.
                                                           Roth, New York, NY.

FOR DEFENDANT-APPELLEE:          Varuni Nelson, Dara A. Olds, Assistant
                                                           United States Attorneys, *for* Jacquelyn M.
                                                           Kasulis, Acting United States Attorney for
                                                           the Eastern District of New York, Brooklyn,
                                                           NY.

Appeal from a November 23, 2020 judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On March 6, 2015, a United States Postal Service ("USPS") vehicle collided with plaintiff-appellant Delroy Hardie's car. On April 8, 2016, Hardie filed a Standard Form 95 ("SF-95") with USPS claiming that the collision left him with several injuries and necessitated spinal fusion surgery for which he sought $20 million in compensatory damages. In May 2016, USPS sent Hardie (through counsel) a letter requesting medical documentation of his injuries. USPS renewed the request in a February 2017 letter, but Hardie never responded to either request. USPS then denied Hardie's administrative claim by a letter dated March 23, 2017. Meanwhile, on March 2, 2017, Hardie sued the United States in the United States District Court for the Eastern District of New York, alleging negligence and respondeat superior liability. The district court (Block, *J.*) dismissed the action for failure to satisfy the Federal Tort Claims Act's ("FTCA") presentment requirement, 28 U.S.C. § 2675(a). *See Hardie v. United States* ("*Hardie I*"), No. 17-cv-1201, 2018 WL 5268112 (E.D.N.Y. Oct. 23, 2018). Hardie did not appeal that decision.

Instead, Hardie submitted a new SF-95, which USPS received on November 30, 2018. The agency acknowledged receipt but stated that it would take no action in light of its prior rejection of Hardie's claim. On July 26, 2019, Hardie commenced the instant new tort action in the Eastern District of New York. On November 17, 2020, the district court (Vitaliano, *J.*) dismissed the action as untimely and denied Hardie's request for equitable tolling of the two-year presentment window. *See Hardie v. United States* ("*Hardie II*"), 501 F. Supp. 3d 152 (E.D.N.Y. 2020). Hardie now appeals from the judgment in *Hardie II*. We assume the parties' familiarity with the

2

underlying facts, procedural history, and issues on appeal, which we discuss only as necessary to explain why we reject Hardie's two arguments on appeal.

First, Hardie argues that Judge Vitaliano, like Judge Block before him, erred in concluding that his April 8, 2016 SF-95 did not satisfy the FTCA's presentment requirement. Res judicata bars this argument. Because Hardie did not appeal the dismissal judgment in *Hardie I*, Judge Block's adverse ruling as to presentment was not subject to direct review by the district court in *Hardie II* or by this Court on appeal. *See, e.g.*, *Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 93 (2d Cir. 2014).

Second, Hardie contends that the time to satisfy the presentment requirement should be equitably tolled so that his second SF-95 would be timely. In making that argument, Hardie acknowledges that his November 30, 2018 SF-95, and therefore this derivative lawsuit, were not timely filed. "[P]resentment must be made within two years after a tort claim accrues." *Collins v. United States*, 996 F.3d 102, 109 (2d Cir. 2021) (citing 28 U.S.C. § 2401(b)). Hardie's claim accrued on March 6, 2015, so his November 30, 2018 SF-95 was more than a year and a half late. *Hardie II* was thus time-barred either because the underlying November 30, 2018 SF-95 was untimely or because the civil action was filed more than six months after the March 23, 2017 denial of his April 8, 2016 SF-95 by USPS. *See* 28 U.S.C. § 2401(b) (requiring civil actions to be commenced within six months of the agency's denial of the claim). Accordingly, without equitable tolling, Hardie's claim fails as untimely.

"When a district court determines that equitable tolling is inappropriate, we review the legal premises for that conclusion *de novo*, the factual bases for clear error, and the ultimate decision for abuse of discretion." *DeSuze v. Ammon*, 990 F.3d 264, 268 (2d Cir. 2021). "[T]he FTCA's time bars are . . . subject to equitable tolling," *United States v. Kwai Fun Wong*, 575 U.S.

3

402, 420 (2015), but "a litigant is entitled to equitable tolling . . . only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (internal citation and quotation marks omitted). Both elements are required. *See id.* at 257. "[T]he diligence prong . . . covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Id.*

Even if we assume, arguendo, that Hardie pursued his rights diligently, the district court reasonably denied Hardie equitable tolling because he failed to identify an extraordinary circumstance outside of his control that prevented him from timely filing an adequate claim. Hardie's ability to do so was evident from his filing of such a claim in November 2018. In his supplemental brief, Hardie argues that his initial claim satisfied the FTCA's presentment requirement and that his failure to answer USPS's requests for further evidence did not vitiate the adequate presentment of his claim. That argument finds some support in our recent decision in *Collins v. United States*, 996 F.3d at 118–19, decided after the challenged ruling in this case. There, this Court held that "the claimant's presentment burden is one of notice, not proof," and that non-compliance with agency requests for substantiating evidence "does not deprive a federal court of subject matter jurisdiction over an ensuing FTCA action or a claimant of his day in court." *Id.* We need not address Hardie's arguments, however, because even if he is right that *Collins* suggests that *Hardie I* incorrectly dismissed his claim, that would not constitute an extraordinary circumstance requiring the district court here to grant him equitable tolling. That is because Hardie could have appealed the *Hardie I* decision and, thereby, obtained the favorable decision he now claims *Collins* supports. No extraordinary circumstance prevented him from pursuing that remedy,

4

available to any litigant when a district court erroneously dismisses a meritorious lawsuit. His decision to submit a second claim out of time rather than to pursue such an appeal was hardly a matter outside his control. Accordingly, we identify no abuse of discretion in the district court's denial of equitable tolling.

We have considered the remainder of Hardie's arguments and find them to be without merit.[1] For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We note that, in the district court, Hardie argued that the Westfall Act's savings clause, 28 U.S.C. § 2679(d)(5), rendered his FTCA action timely because his November 30, 2018 SF-95 was filed "within 60 days after dismissal" of the October 23, 2018 decision in *Hardie I*. *Id.* § 2679(d)(5)(B). Because Hardie does not raise this argument before this Court, we deem it abandoned. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief.").