23-819-cv
*Phillips v. United States Postal Service*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of April, two thousand twenty-four.

PRESENT:
> REENA RAGGI,
> BETH ROBINSON,
> > *Circuit Judges,*
> JED S. RAKOFF,
> > *District Judge.*[*]

_____

Dominique Phillips,

> *Plaintiff-Appellant,*

> v.                                                        23-819

United States Postal Service,

> *Defendant-Appellee.*[†]

---

[*] Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

[†] The Clerk's office is directed to amend the caption as reflected above.

_____

**FOR PLAINTIFF-APPELLANT:**           DOMINIQUE PHILLIPS, *pro se*, Roosevelt, NY.

**FOR DEFENDANT-APPELLEE:**           VARUNI NELSON, Rachel G. Balaban, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Nina R. Morrison, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court dated April 21, 2023 is **AFFIRMED**.

\*     \*     \*

In October 2021, Plaintiff-Appellant Dominique Phillips, proceeding *pro se*, sued Defendant-Appellee the United States Postal Service ("USPS") for wrongful death following the death of his wife, Antares Wendler-Phillips, who used to work for the USPS.

The district court dismissed Phillips's complaint, explaining that the doctrine of sovereign immunity bars Phillips from suing the *USPS* for his wife's

2

alleged wrongful death. But the court noted that Phillips might be able to sue *the United States* under the Federal Tort Claims Act ("FTCA") if—and only if—he complied with certain requirements of that law, including that he first present his claim to the USPS. 28 U.S.C. § 2675(a). The district court thus dismissed Philips's October 2021 complaint, but it granted him leave to amend his complaint to name the United States as a defendant, assert an FTCA claim, and explain whether he had complied with the FTCA's administrative exhaustion requirements. *See Phillips v. USPS*, No. 21-CV-5681 (NRM) (ARL), 2022 WL 17477658, at *3–4 (E.D.N.Y. Dec. 6, 2022).

Phillips filed an amended complaint in March 2023. But his amended complaint did not name the United States as a defendant or indicate that he had "exhausted" the administrative process with the USPS, meaning he had not completed the administrative process with the USPS before filing his complaint. So, the court issued an order dismissing the amended complaint, this time without further leave to amend. *Phillips v. USPS*, No. 21-CV-5681 (NRM) (ARL), 2023 WL 3007172, at *1 (E.D.N.Y. Apr. 19, 2023). Two days later, on April 21, 2023, the district court entered a judgment of dismissal.

3

Phillips timely moved to reopen the district court's judgment, explaining that he had begun the administrative process to file a FTCA claim and that the delay was caused by his *pro se* status and inability to access a Standard Form 95, which is often used to file FTCA claims. Phillips also submitted evidence that he mailed his Standard Form 95 to the USPS's Washington, D.C. headquarters on April 25, 2023—four days after the district court entered its judgment of dismissal.

The district court construed Phillips's motion to reopen the judgment as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). It denied the motion on the basis that the court still lacked jurisdiction because Phillips hadn't exhausted his administrative remedies. That is, he had not completed the administrative process associated with the claim he filed with the USPS.

Phillips timely appealed. We assume the parties' familiarity with the underlying facts, the remaining procedural history, and the issues on appeal.

We review an order denying a motion to alter or amend a judgment under a deferential "abuse of discretion" standard. *Schwartz v. Liberty Mutual Insurance Co.*, 539 F.3d 135, 150 (2d Cir. 2008). But we review a district court's dismissal for lack of subject matter jurisdiction based on legal conclusions without deferring to

4

the district court. *Collins v. United States*, 996 F.3d 102, 108 (2d Cir. 2021). We also "liberally construe pleadings and briefs submitted by pro se litigants . . . to raise the strongest arguments they suggest."[1] *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

The district court correctly dismissed this case based on Phillips's failure to first exhaust his FTCA administrative remedies, and it did not abuse its discretion in declining to reopen the case. Through the FTCA, Congress waived the United States' sovereign immunity for certain tort claims. 28 U.S.C. § 2674. But that waiver is subjected "to a jurisdictional prerequisite: a tort action 'shall not be instituted . . . against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency' for its review." *Collins*, 996 F.3d at 109 (quoting 28 U.S.C. § 2675(a)). In addition, before a claimant files suit in federal court, the claim must be "finally denied" by the agency in writing, or the agency must fail to resolve the claim within six months. 28 U.S.C. § 2675(a). Because the exhaustion requirement is jurisdictional, it cannot be waived. *Collins*, 996 F.3d at 109.

---

[1] In quotations from case law and the parties' briefing, this opinion omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

Phillips acknowledges that he did not present his FTCA claim to the USPS until after he filed both his first complaint and his amended complaint. He instead argues that he was diligent in pursuing his claim, and that the district court should have accepted the late filing and service of his FTCA claim to the USPS. Whether or not Phillips was diligent, the district court did not have jurisdiction to entertain his FTCA claim.

The "exhaustion" requirement does not require only that a would-be plaintiff present an FTCA claim to the relevant agency before filing suit; it requires that the agency process be *completed*. *See McNeil v. United States*, 508 U.S. 106, 111 (1993) ("The command that an 'action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and [the] claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous.") (quoting 28 U.S.C. § 2675(a)). Phillips's submission of a claim to the USPS may have *started* the administrative process, but it did not *complete*, and, therefore, *exhaust* that process. In short, even though Phillips had sent his claim to the USPS when the district court reconsidered its dismissal, the district court still did not have jurisdiction at that time.

6

Nor do we accept Phillips's argument that because six months have passed since he sent his claim form to the USPS, the administrative process is *now* exhausted and the district court has jurisdiction to proceed. The FTCA requires exhaustion to be completed *before filing suit*, not after. *Id.* at 112 ("The most natural reading of [§ 2675(a)] indicates that Congress intended to require *complete exhaustion* of Executive remedies before invocation of the judicial process.") (emphasis added). The Supreme Court made clear in *McNeil* that if a plaintiff files an FTCA claim in federal court prematurely—before the administrative process has been exhausted—the claim should be dismissed, even if it might become ripe at a later date during the pendency of the action. In other words, even assuming that Phillips can now satisfy the exhaustion requirement—a question we do not decide—he must file a new lawsuit to pursue his FTCA claims.[2]

---

[2] Although the district court's judgment dismissed Phillips's claims "without leave to amend," *Phillips v. USPS*, No. 21-CV-5681 (NRM) (ARL), Dkt. 25, we read the judgment as preventing Phillips from refiling his claim without first exhausting his administrative remedies. We do not read the district court's dismissal as barring him from filing a new lawsuit once the administrative process is exhausted. *See Faculty v. New York University*, 11 F.4th 68, 78 (2d Cir. 2021) (explaining that a dismissal for lack of jurisdiction "must be without prejudice rather than with prejudice"); *Harty v. West Point Realty, Inc.*, 28 F.4th 435, 445 (2d Cir. 2022) (noting that "dismissal for lack of jurisdiction without leave to amend is not the same thing as a dismissal with prejudice").

Like the district court, we express no opinion as to whether a future suit after exhaustion of the administrative process would be barred by the statute of limitations. *See* 28 U.S.C. § 2401(b). And we express no opinion regarding Phillips's arguments for equitable tolling. *See United States v. Wong*, 575 U.S. 402, 405 (2015) (holding that the time limits of 28 U.S.C. § 2401(b) may

Finally, to the extent that Phillips argues for recusal based on judicial bias, his argument is unavailing for several reasons, including that his case was reassigned from the district judge whose prior decisions he claimed were biased.

\*     \*     \*

We have considered Phillips's remaining arguments and find them to be without merit.[3] Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

be equitably tolled).

[3] During oral argument, Phillips asked this Court to reconsider its April 2, 2024 order denying his motion to postpone this argument until a later date. We have considered Phillips's request, and we deny it.